A. BERNARD FELDMAN & another *vs.* DAVEY DEVELOPMENT CO., INC. December 31, 1959. Order dismissing report affirmed. This is an action of contract to recover from the defendant for building materials ordered by one Soper. The plaintiffs contend that the defendant was an undisclosed principal of Soper. The judge found that the plaintiffs "received a note from one Herbert Soper and his son in the amount of $4,743.38 which amount is the amount claimed in the plaintiffs' declaration . . . and I am therefore finding that the plaintiffs extended credit to said Soper and not [to] the defendant." A report to the Appellate Division was dismissed and the plaintiffs appealed. The plaintiffs presented nine requests for rulings. Of these, eight were granted "as correct statements of law." The second request was denied. This asked the judge to rule that on all of the evidence a finding for the plaintiffs was required. At the arguments before us any questions arising out of the denial of the second request were waived. The plaintiffs argue that the action of the judge in allowing the plaintiffs' requests as correct statements of law, taken in conjunction with his findings, prevents them from knowing whether the judge applied correct principles of law in making his decision. We find no basis for this contention. We cannot assume that the judge, having granted the plaintiffs' requests, then proceeded to ignore them in deciding the case. The further contention of the plaintiffs that there is an inconsistency between the general finding and the rulings can be disposed of on the ground that this point must be raised by a motion to correct the inconsistency or by a motion for a new trial, neither of which courses was pursued here. *Vieira* v. *Balsamo*, 328 Mass. 37, 39.

*Philip Thompson*, for the plaintiffs.

*George L. Wainwright*, for the defendant.