*Southern District*

## ESSO STANDARD OIL COMPANY
### v.
## JOHN HECKLER AND JOHN CHIUNGOS

*Present:* Nash, P. J. and Callan, J.

Case tried to *Cox, J.* in the District Court of Northern Norfolk. No. 42,256.

*Callan, J.* In this action of contract for goods sold and delivered the plaintiff seeks in two counts, one against each defendant, to recover damages on an account annexed. *The evidence tended to show that* an application for credit was made to the plaintiff on one of its forms which was signed by the defendant, John Heckler, Pres. Credit cards were issued by the plaintiff in the name of Maguire Homes, Inc. No. 16-11-172-05. Charges were made against this account in the amount of $344.10. The sole payment received by the plaintiff on this account was by a check in the amount of $229.00 accompanied by a letter from the defendant Heckler's wife. In answer to a letter from the plaintiff, Maguire Homes, Inc. stated the obligation was the personal indebtedness of the defendants. The defendant Heckler who was president and director of Maguire Homes, Inc. signed some of the charge slips amounting to $258.45 to which was applied the credit of $229.00. The defendant Chiungos who was vice-president and director of Maguire Homes, Inc. signed charge slips amounting to $303.49 and on one slip of $11.49 the signature was illegible. After the period of the charges in question, one Rand became the owner of all the corporation stock and the defendants became employees and finally terminated their services with the corporation. Maguire Homes, Inc. at no time had any account with the plaintiff

on its books and never paid any monies to the plaintiff. Each of the defendants used their cars for corporation business and were reimbursed for all travel expenses.

Several requests for rulings were filed by the defendants. Some were for finding of facts and the others were allowed and are as follows:

11. The evidence warrants a finding that at the time plaintiff entered into a contract with Maguire Homes, Inc. it did so on the sole credit of Maguire Homes, Inc. and looked to Maguire Homes, Inc. solely for credit.

16. On all the evidence a finding of the defendants is warranted because the plaintiff never agreed to issue credit cards to the defendants individually, and the defendants never received the credit cards individually.

21. The application for credit signed with the plaintiff did not bind the signer thereof personally.

22. The contract in question for the issuance of credit is one which the defendants are not bound.

The judge made a finding of facts as follows:

"The plaintiff issued credit cards to Maguire Homes, Inc. a corporation, with the knowledge and intent that they be used by the defendants on business of the corporation of which they were officers as well as minority stockholders. The application for the credit cards was signed by the defendant, John Heckler, who was then President of Maguire Homes, Inc.; that the defendants were authorized by Maguire Homes, Inc. to obtain the

. credit cards and to use them in its behalf and on its account."

The plaintiff claiming to be aggrieved by the allowance of the defendants requests for rulings claims a report to this Division.

The application for credit was signed by the defendant Heckler with the signature "John Heckler, Pres." While it is contended that he signed not as an agent of the corporation but personally and therefore, became personally liable, one of the witnesses for the plaintiff, a Mr. Sullivan, who was credit manager of the plaintiff's company, testified that credit was extended to Maguire Homes, Inc. and his company intended to look to this corporation for payment for charges made on the credit cards. The plaintiff is bound by this evidence and cannot say that they now look to someone else for payment. The plaintiff is estopped from asserting a relationship of debtor and creditor between the plaintiff and Maguire Homes, Inc.

The defendants, Heckler and Chiungos, were president and vice-president respectively of Maguire Homes, Inc. At the time application for credit was made to the plaintiff, ostensively as such officers, each of them had implied, if not expressed authority, to seek credit and a credit card for the corporation. We are of the opinion that on the face of the application for credit it appears to be for and on behalf of Maguire Homes, Inc. and not for the defendants personally. The defendant Heckler in the body of the application dis-

closed the principal and signed as "Pres." The request of the defendant Heckler for the issuance of credit cards to Maguire Homes, Inc. was as agent of said corporation and the signer did not become personally liable. While it is true that the application was signed by Heckler with the word "Pres." added, and that ordinarily this does not prevent the inference that such person is a party to the contract, an unsealed written instrument in one portion of which there is a manifestation that an agent is acting only for the principal, is interpreted as the instrument of the principal and not of the agent, although in other portions of the instrument or in the signature the agent's name appears without designation. Restatement, Agency, §157. *Bissonnette v. Keyes,* 319 Mass. 134.

The case does not fall within the class of cases where the instrument does not disclose the name of the principal, nor with the other class where although in the body of the instrument it appears, or is to be inferred that the party signing is agent, the instrument is signed by his name only and in such case it would be a personal undertaking by the defendant. Nor can it be said that Heckler's signing as "Pres." was merely *descriptio personarum.* In order to prevent himself from becoming a party to the instrument, it is only necessary that the agent should make clear that he is acting solely in a representative capacity for a disclosed principal. *Goodenough v. Thayer,* 132 Mass. 152. We

are not compelled to determine the liability of Maguire Homes, Inc. for it is not a party to this action.

There is no error in the Judge's finding for Heckler and Chiungos. So far as the requests are concerned, 1, 2, 3, 5, 14 and 15 are requests for finding of facts, and the judge's action on the others herein mentioned involves no error.

*The report is ordered dismissed.*

Burton Boyer of Boston, for the Plaintiff.

Daniel J. Dempsey and Richard J. Bennett, both of Boston, for the Defendants.