*Western District*

## THE CONNECTICUT BANK AND TRUST COMPANY

v.

## ROBERT J. PHANEUF and MARGUERITE PHANEUF

Argued: July 6, 1967       Decided: July 6, 1967

*Present:*  Garvey, P.J., Moore, & Allen, J.J.

Case tried to *Walsh, J.*, in the District Court of Spring-
field #182405

*Garvey, P.J.*  This is a petition to establish
a report. In a contract action, after a trial,
there was a finding for the plaintiff. The plain-
tiff's motion to dismiss the draft report ''be-
cause of the failure of the defendants to file a
request for a report or a draft report within

five days after notice of the finding as required by Rule 27'' was allowed. The defendants then filed the petition.

■ "Provisions of statutes and rules of court regulating appellate procedure are construed strictly", *Framigletti* v. *Neviackas,* 324 Mass. 70, 72, and failure to comply is fatal to the right to prosecute an appeal. *Murphy* v. *William C. Barry, Inc.,* 295 Mass. 94, 97.

■ Rules of court have the force of law, are binding upon the court and the parties, and cannot be waived or ignored. *Flynn, Pet.,* 265 Mass. 310, 313.

■ Because of non-compliance with the provisions of several Rules of the District Courts (1965) the petition must be dismissed.

Rule 27 requires that a draft report or a request for a report be filed within five days of receipt of notice of finding. The petition states that the counsel for the defendants received notice of the judge's finding on May 20, 1966 and that he mailed to the clerk of the court for filing the original draft report on May 24, 1966, but the clerk's stamp on this document indicates it was filed on May 31, 1966. It is not asserted that a request for a report was filed within five days after notice of the finding.

■ Rule 28. The proper way to test the validity of an order dismissing a draft report is by a claim of report—not by a petition to establish. See *Gallagher* v. *Atkins,* 305 Mass. 261. *Parkway Imports, Inc.* v. *Askinos, Appel-*

*late Division—Western District, opinion filed this day, District Court of Springfield, docket number 190454*

Rule 30 requires a copy of the draft report sought to be established to be set forth in the petition. This was not done. The petition does not allege that the draft report conformed to the truth. The equivocal affidavit supporting the petition reads: "Then personally appeared the above named, Thomas M. Sullivan, counsel for the petitioners, Robert J. Phaneuf and Marguerite Phaneuf and made oath that the statements subscribed by him are true so far as they depend upon his own knowledge and belief". A petition must "contain an unequivocal allegation, supported by an unequivocal affidavit, that it conforms to the truth". *Cook* v. *Kozlowski,* 351 Mass. 708. *Lasell* v. *Director of the Div. of Employment Security,* 325 Mass. 23, 25-26.

Rule 31. All papers intended for use before the Appellate Division shall be 8½ inches in width and 11 inches in height. The petition was on paper measuring 8½ by 14 inches.

**The petition is to be dismissed.**

THOMAS M. SULLIVAN
of Randolph for the petitioner.

GERALD R. HEGARTY
of Springfield for the respondent.