*Western District*

No. 195901

## GEORGE M. MONAHAN, JR.

v.

## CENTRAL CHEVROLET, INC.

Argued: June 18, 1970 - Decided: July 6, 1970

*Present:* Garvey, P.J., Allen, and Dudley, J.J.
Case tried to *Walsh, J.,* in the District Court
of Springfield No. 195901.

**Garvey, P.J.** In this action of contract involving a purchase of a new car and a trade-in of two old cars there was a finding for the plaintiff and damages assessed. Neither party filed requests for rulings of law. The defendant, after receipt of the finding, filed a motion for a new trial on the grounds that the finding was against the evidence, the weight of the evidence, the law, and that the damages assessed were excessive and so erroneous that as a matter of law, they should not stand. After hearing the motion was denied.

The defendant filed his first draft report, claiming to be aggrieved by the denial of his motion for a new trial. The trial judge there-

after allowed the motion of the plaintiff to dismiss this draft report on the grounds that it was not timely filed,[1] and because the defendant failed to file requests for rulings of law at the trial there was no issue to be reported.

The trial judge then allowed a second draft report, duly filed, in which the defendant claims to be aggrieved by the dismissal of his first report and the denial of its motion for a new trial.

It was ruled in *Gallagher* v. *Atkins,* 305 Mass. 261, that where a claim of report, or draft report, is dismissed the exclusive remedy is by claim of report challenging the correctness of the order of dismissal.

The correctness of the denial of the motion for a new trial, is not properly before us. But having been reported by the trial judge we discuss it. *James J. Debra Inc.* v. *Hamilton Service Inc.,* 355 Mass. 127.

That the damages awarded were excessive is the only claim of error raised by the defendant in its brief and at argument. We assume this was the sole issue argued on its motion for a new trial. The defendant not having raised this issue at the trial by a request for a ruling is foreclosed from raising it on a motion for a new trial. Questions of law which were or might have been raised at the trial of

---

[1] We rule that this draft report was timely filed, and if dismissed on this ground the error was not prejudicial.

an action cannot be raised as of right on a motion for a new trial. *The Haines Corp.* v. *Winthrop Square Cafe, Inc.*, 335 Mass. 152. *Peterson* v. *Hopson,* 306 Mass. 597.

▆ The denial or allowance of a motion for a new trial is discretionary. *Bartley* v. *Phillips,* 317 Mass. 35. No abuse of discretion has been shown. Rarely should such a motion be allowed. "A judge should hesitate to undo his own work." *Peterson* v. *Hopson,* 306 Mass. 507, 603.

As there was no error in any order of the trial judge, *the report is to be dismissed.*

DONALD A. BEAUDRY

of Springfield for the defendant.

MORTON J. SWEENEY

of Springfield for the plaintiff.