*Northern District*
No. 7584

## LUCY BEATON
*v.*
## BRADLEE'S, INC.

Argued: Jun. 3, 1971 - Decided: Oct. 12, 1971

*Present:* Parker, PJ., Mason, Cowdrey, JJ.
Case tried to ————, J., in the Fourth
District Court of Eastern Middlesex No. 2337
of 1969.

*Cowdrey, J. In this action of tort,* the defendant seasonably filed requests for rulings of law.

On November 9, 1970, the court found for the plaintiff and ruled on the defendant's requests unfavorably and on the same day, the clerk's office mailed notices of the decision to both counsel.

Counsel for the plaintiff, whose office is in Woburn, Mass., received notice of the decision on November 10, 1970. Notice of the decision was received at the office of counsel for the defendant in Boston no November 13, 1970, although not personally received by him until November 16, 1970, in the afternoon.

On November 17, 1970, the counsel for the defendant delivered personally to the clerk's office a request for a report to this Division. The clerk's office requested a hearing before the trial justice on the question of whether the request was seasonably filed. On the same day, counsel for the defendant mailed to the clerk's office, a motion to extend the time for the filing of the draft report with appropriate notice of the request, motion and notice of hearing, to counsel for the plaintiff.

On November 20, 1970, the trial justice held a hearing on the defendant's request for a report and the motion to extend the time of filing draft report.

On November 23, 1970, counsel for the defendant delivered to the clerk's office, a copy

of the draft report addressed to the trial justice, and the original to the clerk with a request for a hearing on the same.

On November 24, 1970, the trial justice, without comment, denied the defendant's request for a report and denied the motion to extend the time for filing draft report.

Rule 28 of the D.C. Rules states as follows:

> "If the trial justice disallows the claim for a report, he shall set forth in writing succinctly the facts and reasons for such disallowance."

The trial justice not having indicated his reasons for disallowing the claim of a report, we assume from the report that the disallowance was based on his conclusion that the request for a report was untimely. We therefore, decide the matter on that premise.

Rule 27 of the D.C. Rules states as follows:

> "The written request for a report to the Appellate Division .... Such request for a report shall be filed with the Clerk within five days after notice of the finding or decision."

In *Sweeney* v. *Morey & Co., Inc.*, 279 Mass. 497, the court in construing a rule similar in nature to Rule 27, quoted above, said, "The words of the statute and of the rule," after notice, manifestly refer in their content to succession of days in point of time from and subsequent to the day when knowledge of the substance of the notice was received.

In the circumstances here disclosed, we are of the opinion that the five days specified in the rule did not begin to run until *November* 16, 1970, the time when counsel for the defendant actually received notice of the finding. That being so, the request for a report filed *November* 17, 1970 and the copy of the draft report filed on *November* 23, 1970, both were seasonably filed. *Textile Banking Co., Inc.* v. *Melrose Organ Studios Inc. d/b/a,* 38 Mass. App. Dec. 7.

This case is remanded to the trial court for further proceedings consistent with this opinion.

JOSEPH W. BREEN
    for the plaintiff.

JAMES D. CASEY
    for the defendant.