*Northern District*
No. 7648

## ROBERT APPLETON
## AND
## JAMES ALBRIGHT
d/b/a
## CAMBRIDGE SPORTS CARS

v.

## THOMAS HICKEY

Argued: Jan. 27, 1972 - Decided: March 16, 1972

*Present:* Durkin, J. (Presiding), Mason, J.
Case tried to *Parker, J.* in the Third District
Court of Eastern Middlesex, No. 2108 of 1971.

**Mason, J.** This is an action in context to recover for labor and parts for repairs to the defendant's automobile and for its storage. The defendant in his answer admits the liability for the labor and parts for repair and says that any liability he has for storage of his automobile is a matter of law for determination by the court.

The defendant filed a motion for judgment on undisputed facts under G.L. c. 231, § 59, alleging that the findings of fact in a prior pro-

ceeding show affirmatively that there is no genuine issue of material fact and nothing to be decided except questions of law. The defendant moved for an immediate entry of judgment for the plaintiffs in the sum of $389.42, plus the amount, if any, determined by the court as a matter of law, for which the defendant is liable to the plaintiffs for storage of the automobile and that the plaintiffs be directed to turn over to the defendant his automobile upon payment of the amount found owed to the plaintiffs.

The plaintiffs previously brought a petition under G.L. c. 255, § 26, in which the court denied an order to sell the defendant's automobile to satisfy a lien claimed for the same labor, parts and storage alleged in the instant action.

The question is whether the findings of the trial judge in the denial of a petition for an order to sell a vehicle under the provisions of G.L. c. 255, § 26, preclude a recovery by estoppel as a result of prior determined issues.

The defendant argues that all genuine issues of material facts were determined in the prior proceeding for enforcement of a lien pursuant to G.L. c. 255, § 26.

We have examined the findings of the trial judge as to the nature of the previous litigation between the parties in order to determine the issues which were then decided and settled. In a petition to enforce a lien, declarations of

fact or of right are sometimes inserted in the ordering or adjudicating part of the decree and this becomes directly adjudicated. Such declarations are generally, if not always, confined to the facts or rights upon which the ultimate result rests, and their purpose is to leave no doubt as to the basis of that result. There is nothing to show that storage was involved as an issue in the denial of the petition.

The findings of facts referred to in the decision have no standing unless they are essential to or shown to be involved in the decree denying the petition. Nothing was adjudged except that the plaintiffs were denied an order of sale of a motor vehicle held by the plaintiffs by virtue of a lien claimed by them for repair work and storage of a motor vehicle. The issues in the present action were not decided in the petition for an order of sale, particular as to the liability for storage.

The defendant admits liability for labor and materials. G.L. c. 255, § 26, provides in part that "a person who has a lien — for money due to him on account of work and labor, care and diligence, or money expended on or about personal property under a contract express or implied — may petition the district court for an order for the sale of the property in satisfaction of the debt."

G.L. § 29 of c. 255, provides that "if it is found that a lien exists upon the property *and* that the property ought to be sold for the satis-

faction of the debt, the court *may* make an order for such sale, determine and record the amount due and award costs to the prevailing party.''

An order for sale may be predicated on one or several alternative determinations and none were adjudicated by the judge.

The petition for an order of sale is a statutory remedy for the enforcement of a lien claimed. G.L. c. 254, § 26 provides that establishment of a lien shall not prevent a person from maintaining an action at law as if he had no lien. Although c. 254 is applicable to liens other than for repairs and storage of motor vehicles, in the absence of any statute abrogating the common law, the plaintiffs are entitled to a full trial on the merits for repairs and storage, notwithstanding a denial of their petition for a statutory lien. The petition for an order of sale is not dispositive of the issues, but only whether a sale may be authorized to enforce a statutory lien.

On summary judgment the inferences to be drawn from the underlying facts contained in such materials must be viewed in the light most favorable to the party opposing the motion. *Hub Association Inc.* v. *Goode,* 1970 A.S. 713, 715.

It is not the function of this Division to pass upon the credibility of witnesses or the weight of the evidence, much less to make

our own decision of facts. *Gordon* v. *American Tankers Corp.*, 286 Mass. 349, 353.

In order to be entitled to summary judgment, the moving party must affirmatively show there is no real issue of fact.

This we feel that the defendant has not done.

The order denying the motion for judgment on undisputed facts is affirmed and the case is remanded to the District Court for a trial on the issue of storage.

RONALD J. HERISKO of Cambridge
 for the Plaintiffs
ROBERT G. ANDERSON of Boston
 for the Defendant