*Northern District*

No. 7837

## VICTOR A. HOWARD

v.

## COMMONWEALTH OF MASSACHUSETTS

Argued: May 18, 1972 - Decided: July 18, 1972

*Present:* Durkin, P.J., Cowdrey, Mason, JJ.

Case tried to *Troy, J.* in the District Court of Dorchester, No. 48509.

**Mason, J.** This is a petition to establish a report from the disallowance of a claim of report by the trial justice.

The petition comes before us from the determination and award of compensation to a victim of a violent crime under G.L. c. 258A, §§ 1-7.

Rule 80 of the District Courts (1972) provides that the rules of practice in civil actions, which are not inconsistent with these rules, shall apply in the determination of claims for compensation by victims of violent crimes under G.L. c. 258A, §§ 1-7.

Rule 28 of the Rules of the District Courts (1965) provides that if the trial justice disallows the claim of report, he shall set forth in writing succinctly the facts and reasons for such disallowance.

In this case, no facts or reasons were set forth by the trial judge.

The correct course for a trial judge who disallows a report is to set forth succinctly a statement of the facts and reasons which impel him to that conclusion. Then the tribunal required to pass upon the question whether his conclusion was warranted has before it in brief and unmistakable terms the grounds upon which his action is based, and is bound to consider and give due weight to such statement. *Patterson* v. *Ciborowski*, 277 Mass. 261, 265.

A hearing on a petition to establish a report is a step in the Appellate procedure.

To be entitled to a report as a matter of right, a party must be aggrieved by a ruling on a matter of law. G.L. c. 231, § 108.

It is the duty of the trial justice to make rulings of law in response to proper requests so that the right of review of questions of law may be preserved. Here, the respondent filed proper requests which were acted upon.

The issues raised by the draft report are limited to the rulings made by the trial judge with respect to the requests for rulings.

A review of the draft report set forth in the petition raises sufficient questions of law to entitle the respondent to a right to review by the Appellate Division.

Where a report is disallowed because it does not conform to truth or for other reasons relative to the contents of the draft re-

port, the applicable procedure is by petition to establish a report. *Gallagher* v. *Atkins,* 305 Mass. 261, 264.

We determine that the facts set forth in the petition to establish conform to the truth and we fail to perceive the reason for disallowance.

Petition to establish the report is allowed and the report is established in the following form:

### REPORT

This is a claim for compensation as a Victim of a Violent Crime, filed on May 19, 1971, pursuant to Chapter 258A, of the General Laws in which the Petitioner seeks to recover for lost wages and medical bills as a result of an alleged assault and battery on December 18, 1970, while walking home on Neponset Avenue in Dorchester.

The answer neither admitted nor denied the allegations contained in the Petition pending an investigation by the Attorney General.

The Court found for the Petitioner in the amount of Ten thousand ($10,000.00) Dollars, less a deductible amount of Two thousand seven hundred thirty-seven and 08/100 ($2,737.08) Dollars, making a total of Seven thousand two hundred sixty-two and 92/100 ($7,262.92) Dollars.

**At the trial there was evidence tending to show:**

The Petitioner testified that as of December 18, 1970, he was employed as a printer for Shanghai Printing Press, 16 Oxford Street,

Boston, at the weekly rate of $160.00; that on December 18, 1970, he had worked until 5:15 p.m., ran an errand at 5:30 p.m., walked to South Station and arrived at Fields Corner at 6.45 p.m.; that he had supper in a restaurant and then went to a bar across the street and remained there until approximately 10:15 p.m. While there, he consumed six bottles of beer. He then started to walk the 1-1/4 mile to his home when he was struck in the back of the head, knocked to the ground, and was either kicked or stepped upon. The Petitioner lost consciousness and the next thing he remembered was sitting on the curbstone when two Metropolitan District Commission (M.D.C.) police officers approached in a cruiser. The Petitioner related his story of the assault to the M.D.C. policemen, but does not remember whether they wrote it down. The Petitioner was unable to walk so the police carried him into the cruiser and took him home, where they physically carried him into his house. Fifteen minutes after the police left, the Petitioner realized he needed medical attention for his leg, and was taken to Boston City Hospital by his brother. The Hospital record was submitted in evidence, and the history sheet stated that the Petitioner fell near his home at 3:30 p.m., and that he drank a case of beer a day. The Petitioner denied giving the above statements, although he admitted to the rest of the statements contained in the history sheet. Under

that part of the hospital report captioned "Diagnosis Prior to Surgery", the attending doctor stated that the Petitioner was intoxicated. The M.D.C. Police have no record of the above described incident. The Boston City Hospital record does not indicate that the police were summonsed. A report to the Boston Police Department was made on June 10, 1971.

At the close of the trial, and before the final arguments, the respondent made the following requests for rulings:

1. G.L. c. 258A, § 5, paragraph 2 requires that the police records show that a report of the crime was submitted within 48 hours of the occurrence unless delayed for good cause.

2. The evidence warrants a finding that the petitioner's report to the police was not seasonably filed as required under Chapter 258A.

3. The evidence is insufficient to warrant a finding that a crime compensable under G.L. c. 258A was committed.

4. The evidence warrants a finding that because of his conduct the victim contributed to the infliction of his injury.

5. The evidence warrants a finding for the respondent.

The court ruled as follows on the respondent's requests for rulings:

1. *Allowed.* Except. this Court finds that the report was delayed for good cause.

2. *Denied.* Because this petitioner's report fell within exception; namely, delayed for a good cause.

3. *Denied.*

4. *Denied.* I specifically find that the victim in no way contributed to the infliction of his injury.

5. *Denied.* As I find that the petitioner was in the exercise of due care and unfortunately was the victim of an assault and battery.

The court found the following facts. Attached hereto and made a part hereof is a copy of the court's finding.

This report contains all the evidence material to the questions reported.

The respondent claiming to be aggrieved by the denial of the respondent's requests for rulings Nos. 2, 3, 4, and 5, it is hereby reported to the Appellate Division for determination.

THE COMMONWEALTH OF MASSACHUSETTS

Suffolk ss.  Municipal District Court of

Docket No. 48509  Dorchester District

VICTOR ANTHONY HOWARD

Claimant

*v.*

THE COMMONWEALTH OF MASSACHUSETTS

FINDING FOR COMPENSATION

OF A VICTIM OF VIOLENT CRIME

Under General Laws Chapter 258A

I find that the Claimant Victor Anthony Howard on Dec. 18, 1970 was the victim of a

violent crime as defined under General Laws Chapter 258A.

I find that the Claimant was a victim of the crime of Assault and Battery on December 18, 1970. This crime was reported to the Police Department of Metropolitan District Comm. on December 18, 1970.

I also find that the Claimant suffered injuries and losses as follows

Injuries: Fractured right leg

Hospitalization: Boston City Hospital

Medical Bills: $5,837.05 — less Welfare $2,637.08. Total medical bill $3,199.97.

Physicians:

Hospital: Boston City Hospital

Other:

Lost wages in excess of two weeks wages $160.00 per week — Claimant not returned to work

I find that the claimant has received for such damages as follows:

a. from the offender $ ————
b. from insurance $ ————
c. from public funds $ 2,637.08

I find the following subsidiary facts: Attorney's fees to be assessed at 15 per cent of finding.

I hereby award above Claimant the amount of $10,000. less a deductible amount of $2,737.08 making a total of $7,262.92

A true copy: Attest  Memo of rulings made.

(s) Francis X. Holland    (s) Jerome P. Troy
*Asst. Clerk*        *Justice*

This Form approved by Chief Justice of District Courts

Brant E. Pansonnon
  for Plaintiff
Robert L. Surprenant (*Asst. Atty. Gen.*)
  for Defendant