*Northern District*

No. 7847

## JOHN E. DEACY

*v.*

## THE FIRST NATIONAL BANK OF BOSTON EXECUTOR OF ESTATE OF DAVID C. FARR

Argued: June 22, 1972 - Decided: July 20, 1972

*Present:* Parker, P.J., Cowdrey, Mason, JJ.

**Mason, J.** *This is a petition to establish a report.* The draft report was filed on April 3, 1972 and after hearing was dismissed by the trial justice for failure to comply with Rule 27 of the Rules of the District Courts.

Rule 27 requires that when an objection is taken to the exclusion of evidence, a claim of report must be made at the time of the ruling, and must be reduced to writing in a summary manner and filed with the clerk within five days after hearing all the evidence.

The rule further provides that a draft report filed within the period required for a request for a report under this rule shall be deemed to include a request for a report.

■ The trial was concluded on February 15, 1972. A claim of report was made during trial but the objection to the exclusion of evidence was not reduced to writing and filed with the clerk as provided (within five days after the hearing).

The petitioner alleges that the trial justice was aware of his intention to file a motion for mistrial and other pleadings subsequent to the trial, and in support of his petition claims to be aggrieved by the failure of the court to grant him a full trial "by admitting evidence that the court was obligated to admit as a matter of law."

It would appear that the basis of the draft report is to the exclusion of evidence during a trial held on February 15, 1972.

■ Provisions of statutes and rules of court regulating Appellate procedure are construed strictly, *Famigletti* v. *Neviackas,* 324 Mass. 70, 72, and failure to comply is fatal to the right to prosecute an appeal. *Murphy* v. *William C. Barry, Inc.,* 295 Mass. 94, 97.

■ Assuming that the trial justice was aware of the intention of the plaintiff, rules of court have the force of law, are binding upon the court and the parties, and cannot be waived or ignored, *Flynn, Pet.,* 265 Mass. 310, 313, and cannot be changed by the court. *Murphy* v. *William C. Barry, Inc.,* 295 Mass. 94, 97.

■ A draft report may be dismissed for

failure to comply with any of the applicable procedural rules.

 The proper way to test the correctness of an order dismissing a draft report is by a claim of report and a draft report on the dismissal, not by a petition to establish. *Gallagher* v. *Atkins,* 305 Mass. 261. Rule 28, Rules of the Districts Courts. **Petition denied.**

THOMAS H. COLLINS
 for the Plaintiff.
RAYMOND M. SULLIVAN
 for the Defendant.