*Western District*

No. 116

## GLADYS L. DUMAS

v.

## JAMES M. GRIFFIN AND MARGUERITE M. GRIFFIN

Argued: Feb. 4, 1974 - Decided: Feb. 11, 1974

*Present:* Sloan, P.J., Cimini, Dudley, JJ.

Case tried to *Ryan, J.,* in the District Court of Hampshire: No. 12904 R.A.

**Sloan, J.** This is an action of tort remanded ·from the Hampshire County Superior Court to the District Court of Hampshire on December 10, 1970. On February 20, 1973 the case was tried, and on Monday, March 5, 1973, the court made a finding for the plaintiff and assessed damages in the sum of $15,600.00.

Notice of the court's decision was mailed from the court to the office of defendant's counsel of record on Tuesday, March 6, 1973.

The notice of the court's decision was not received by the attorney who tried the case until Monday, March 12, 1973. The notice of the decision was received by the defendants' lawyers firm on Thursday, March 8, 1973.

On Tuesday, March 13, 1973, a claim of report and request for extension of time to file draft report were filed by the defendant with the District Court.

On Saturday, March 17, 1973 defendants' request for retransfer to the Superior Court was filed in the District Court.

On Monday, March 19, 1973 a hearing was held on the defendants' request for extension of time to file a draft report.

On Friday, March 23, 1973 the District Court made the following rulings:

"Claim of Report to Appellate Division filed late: *DENIED*

Request for Extension of Time to File Draft Report: *DENIED*

Defendant's Request for Retransfer:

*DENIED*"

The Court made the following findings of fact:

"That the Court's finding of (Monday) March 5, 1973, was mailed to the defendants' attorney of record on (Tuesday) March 6, 1973, and in the orderly course of postal procedures should have been received by them on (Wednesday) March 7, 1973."

"That the Claim of Report and Motion to Extend Time for Filing of a Report not being received by this Court until (Tuesday) March 13, 1973, the Claim of Report, must of· necessity, be disallowed. The Court has no jurisdiction to accept the Claim of Report or allow an extension of time to file a report pursuant to G.L. c. 231, § 108, as amended."

On Wednesday, March 28, 1973 the defendant's attorney received notice of the action and findings of the District Court justice made on Friday, March 23, 1973.

On a Tuesday, namely March 27, 1973, judgment for the plaintiff in the sum of $18,080.00 damages and $33.00 costs was entered. On Wednesday, March 28, 1973 an execution was issued to the plaintiff.

At the outset, it is to be noted that the report presented to us is entitled "Draft Report" and is not signed by the justice of the District Court.

We feel that it is incumbent upon us to reiterate what has been said many times in the past, that the report to the Appellate Division is not the report of the appealing party and is not a draft report, but is a report of the justice of the District Court and should be entitled not "Draft Report" but "Report". *Mulcahy* v. *Travelers Insurance Company,* 42 Mass. App. Dec. 141, 1968. *Sullivan* v. *Aussebel,* 39 Mass. App. Dec. 222, 1968. *Burns* v. *Sawyer,* 34 Mass. App. Dec. 67.

In addition, the claim of report instead of being "dismissed" was "disallowed" by the trial justice.

■ Where a claim of report or report is "disallowed," the proper procedure to follow is to file a petition to establish the report. *Gallagher* v. *Atkins,* 305 Mass. 261, 264. *Calcagno* v. *P. H. Graham & Sons,* 313 Mass. 364, 366, 367. *Howard* v. *Commonwealth,* 49 Mass. App. Dec. 25. *Deacy* v. *First National Bank of Boston, Exr.,* 49 Mass. App. Dec. 52.

■ Where a claim of report or report is "dismissed," the proper procedure is to file a report on the "dismissal" to the Appellate Division. *Wend Innersole and Counter Co., Inc.* v. *Geilich,* 317 Mass. 327.

■ We are, therefore, treating the action as a "dismissal" of the claim of report. *Sacca* v. *Freedman,* 31 Mass. App. Dec. 150.

■ The issues presented here are two: (1) Does the five (5) days within which the appealing party has to claim a report begin to run from the date when he should have received the notice of the court's decision in the mail, or does it begin to run from the date when his attorney actually receives the notice?; (2) In counting the five (5) days, is Sunday excluded?

It seems to be fairly well established that the five (5) days runs from the day on which the attorney for the appealing party has actual notice of the decision.

In *Sweeney* v. *Morey & Co., Inc.,* 279 Mass.
495, 501 (1932), the appellant's counsel was on
vacation in Maine when the Court's notice was
delivered to his office. Counsel filed his claim
of report on the day he returned to Boston,
which was one day late if time had begun to run
the day notice had reached his office. The court
held that the time ran from the time counsel
actually received the notice and that, there-
fore, his claim was timely filed.

The court said, ''If it had been the intention
of the Legislature in enacting the statute that
the two days should begin to run from the
delivery of the notice at the office of the person
entitled to it, in the absence of that person,
it would have been simple and more logical
to require the two days to begin to run from
the rendition of the decision or from the date
of the notice rather than after the notice.
Then the parties would have been obliged at
their own risk to look after their cases and to
act within the time limited.'' *Sweeney* v. *Mo-
rey & Co., Inc.,* has been followed in several
cases: *Kolda* v. *National Ban-Franklin Fire
Insurance Co.,* 290 Mass. 182, 185 (1935). *Mer-
chants Mutual Casualty Co.* v. *Justices of the
Superior Court,* 291 Mass. 164, 166 (1935).
*Regan* v. *The Atlantic Refining Co.,* 304 Mass.
353, 354 (1939). *Cities Service Oil Co.* v. *Na-
tional Shawmut Bank,* 342 Mass. 108, 110,
(1961). *Beaton* v. *Bradlees,* 47 Mass. App. Dec.
25.

Again, it is well established that Sundays and holidays are excluded in computing the period of time of less than a week, but both Sundays and holidays are included where periods exceed a week.

The Supreme Court in *Sweeney* v. *Morey & Co., Inc.,* 279 Mass. 495, 502-503 stated that ''In computing time from a date, act or event, the settled rule here applicable is to exclude the day from which the period of time runs unless a contrary intention is disclosed by the statute, instrument or contract with respect to which the question arises.'' ''When the time limited for the performance of any act is less than seven days, Sunday is not included in the computation''. (and cases cited) *Guido* v. *Gielda,* 29 Mass. App. Dec. 23.

Applying these principles to the facts in the case at bar, the five (5) days within which to file a claim of report would begin to run on Monday, March 12, 1973, the day that the attorney, who tried the case, received the notice of the court's decision. Therefore, the filing of a claim of report and request for extension of time to file a draft report, filed on Tuesday, March 13, 1973, was seasonable as well as the defendants' request for retransfer filed on Saturday, March 17, 1973.

The trial justice committed error in dismissing the defendants' claim of report to the Appellate Division, defendants' request for extension of time to file draft report, and de-

fendants' request for retransfer to the Superior Court.

Further, there was error in the entry of judgment for the plaintiff and the issuance of an execution thereon.

*Case is remanded to the trial court for further proceedings consistent with this opinion.*

GEORGE W. LEARY

    for the Plaintiff

CHARLES B. SWARTWOOD, III

    for the defendant