*Northern District*

# No. 8382

## HARRY LANE, Petitioner

### v.

## J. RAYMOND SMITH, Respondent

Argued: Nov. 20, 1975. Decided: Dec. 15, 1975.

Case tried to *Jodrey, J.,* in the District Court of Eastern Essex. Number: 21890 of 1973.

Present: Cowdrey, P.J., Forte, Bacigalupo, J.J.

Counsel for Plaintiff: Robert Laramee, Gloucester.

**Bacigalupo, J.** The petitioner brings this petition to establish a report in an action of contract in which the trial justice found for the plaintiff.

In the basic action, the plaintiff in a single count on a count annexed sought to recover for goods sold and delivered.

The petitioner (defendant in the basic action) made no request for rulings of law and the trial justice made detailed and special findings of fact. The petitioner does not claim to be aggrieved by the special findings of fact which are amply supported by the evidence recited in the draft report attached to the petition but argues that the general finding for the plaintiff is inconsistent with the special findings of the trial justice. The petitioner filed a draft report which was dismissed by the trial justice after a hearing.

The petition is denied for the following reasons:

The petitioner misconceives his remedy. A petition to establish a report can only be prosecuted when a report is disallowed by the trial justice. *Howard v. Massachusetts,* 49 Mass. App. Dec. 25, 26 (1972). In the case at bar, the report was not disallowed but was dismissed. The exclusive remedy for a review of an order dismissing a report or a draft report is by a claim of report testing the correctness of the order of dismissable and not a petition to establish a report. *Gallagher v. Atkins,* 305 Mass. 261, 264-265 (1940);

*Rule* 64, *District/Municipal Court Rules of Civil Procedures* (1975) formerly *Rule* 28 *of the Rules of the District Courts* (1965); *Monahan v. Central Chevrolet, Inc.,* 44 Mass. App. Dec. 139, 141 (1970); *The Connecticut Bank and Trust Co. v. Phaneuf,* 37 Mass. App. Dec. 196, 198 (1967).

█. The petitioner based his petition on his contention that the general findings of the trial justice are inconsistent with his special findings. In such a case, the remedy of the aggrieved party is not a petition to establish a report but by a motion to correct the inconsistency or a motion for a new trial, neither of which courses was followed here. *Feldman v. Davey Development Co., Inc.,* 340 Mass. 784 (1959); *Vieira v. Balsamo,* 328 Mass. 37, 39 (1951).

█. However, without setting a precedent for the future and aside from the foregoing reasons, even if we treat the petition to establish the report as being properly before us, *Sacca v. Freedman,* 31 Mass. App. Dec. 150 (1952), it must be denied for the fundamental reason that it raises no question of law for review by this Division. *Cook v. Kozlowski,* 351 Mass. 708 (1967); *Sawyer Co. v. Boyajian,* 298 Mass. 415, 417 (1937). *Carlsberg Printers, Inc. v. Shields,* 26 Legalite 446. The reported evidence amply supports the special findings of the trial justice with which the petitioner does not quarrel. We perceive no inconsistency between these findings and his general findings for the plaintiff. It is elementary that reviews by Appellate Divisions are limited to rulings of law. The petitioner filed no request for rullings of law. We have no authority to review the bare findings of fact made here by the trial justice. *Butler v. Cromartie,* 339 Mass. 4, 6 (1969); *Perry v. Hanover,* 314 Mass. 167, 169 (1943); *Appleton v. Hickey,* 50 Mass. App. Dec. 17, 21-22.

**The petition is denied.**