Richard A. LITTLE
vs.
William HEIMLICH

District Court Department
Appellate Division, Northern District
Trial Court of the
Commonwealth of Massachusetts

July 15, 1980

---

Patrick T. Clooney for the plaintiff.
Joseph W. Breen for the defendant.

Present: Cowdrey, P.J., Forte & Tiffany, JJ.

COWDREY, P.J. This is a petition to establish the plaintiff's draft report which was dismissed[1] by the trial court as not in compliance with Dist./Mun. Cts. R. Civ. P. 64.

Despite the clear and unequivocal terminology of Rule 64(c)(6) and a seemingly endless progression of decisive opinions from this Division and the Supreme Judicial Court, we are once again compelled to reiterate a rule which should be by now axiomatic. The proper and exclusive remedy for the dismissal of a draft report is a request for a report and a draft report challenging, and limited to, said dismissal order. Dist./Mun. Cts. R. Civ. P. 64(c)(6); Gallagher v. Atkins, 305 Mass. 261, 264-265 (1940); Meola Construction Co. v. Ace Bldg. Supply Co., Mass. App. Div. Adv. Sh. (1978) 466, 476; Lane v. Smith, 57 Mass. App. Dec. 27, 28 (1975); Dumas v. Griffin, 53 Mass. App. Dec. 167, 171 (1974); Deacy v. The First Nat'l Bank of Boston Exec., 49 Mass. App. Dec. 52, 55 (1972); Parkway Imports, Inc. v. Askinos, 37 Mass. App. Dec. 200, 202 (1967). A trial court's dismissal of a draft report cannot and will not be reviewed by this Division upon a motion, request, petition to estab-lish or any procedural vehicle other than the one prescribed in Rule 64(c)(6); namely, a draft report.

As a practical matter, the fatal flaw in the plaintiff's ill-advised election to proceed by way of a petition to establish derives from the essential effect of the trial court's dismissal order. In consequence of said order, there is presently no draft report on file in the trial court which this Division could establish upon petition or otherwise. Comfort Air Systems, Inc. v. Cacopardo, 370 Mass. 255, 258 (1976); Calcagno v. P.H. Graham & Sons, 313 Mass. 364, 366 (1943); Ken Boyer Ford, Inc. v. Winslow, Mass. App. Div. Adv. Sh. (1977) 1152; Farrar v. Hupper, 59 Mass. App. Dec. 91, 92 (1976).

The plaintiff has misconceived his remedy, and has thereby forfeited any right to a substantive appeal.

Petition denied.
Cowdrey, P.J.

---

[1]The plaintiff incorrectly contends that the draft report in question was "denied" by the trial justice. The docket, per entry dated January 30, 1980, clearly states that the plaintiff's draft report was dismissed "for failure to comply with Rule 64." In any event, an order of "denial" herein would have been tantamount to a dismissal rather than a disallowance of the plaintiff's draft report given the procedural irregularities attending the same. See Lowe v. Brownville, 56 Mass. App Dec. 155, 157 (1975).