**BAYBANK VALLEY TRUST COMPANY**

vs.

**BLOCK'S WOMAN'S SHOP, INC. and Merrill BLOCK, a/k/a Merrill Y. BLOCK and Julius BLOCK**

**No. 335**

District Court/Hampden, ss.
Appellate Division/Western District
Trial Court of the
Commonwealth of Massachusetts

**November 8, 1982**

Michael G. West, Esq., counsel for plaintiff.
Terry Nagel, Esq., counsel for defendant.

### DECISION AND ORDER

This cause came on to and was heard in the Appellate Division for the Western District sitting at Springfield upon Petition from the Springfield Division and as there were no factual issues requiring a hearing,

It is hereby

ORDERED: That the Clerk of the Springfield Division make the following entry in said case on the docket of said Court, namely: Petition denied.

Date: November 8, 1982

**Mel L. Greenberg, Justice**
**Francis J. Larkin, Justice**

Opinion filed herewith.

**Robert E. Fein, Clerk**

### OPINION

**Greenberg, J.** We are asked to consider whether the defendants' petition to establish a report after its dismissal by the trial judge is the appropriate remedy under District/Municipal Rules of Court Procedure 64(c) (5).

On November 9, 1981 the defendants filed a request for a draft report and a draft report for the judge's consideration. Previously, on October 20, 1981 the trial judge had found for the plaintiff in the sum of Twenty-seven Thousand eight hundred sixty-two and 87/100 Dollars ($27,862.87), plus attorney's fees in the amount of Eight Thousand seven hundred fifteen and 72/100 Dollars ($8,715.72) and additional interest on a note made by the defendants payable to the plaintiff.

The judgment entered after a hearing on plaintiff's motion for summary judgment on October 20, 1981. Defendants' contention was that the

reasonableness of attorney's fees was an issue of fact, which is not properly an issue in a motion for summary judgment. The trial judge did not permit an evidentiary hearing as to the reasonableness of the attorney's fees, but determined that a particular provision of the note called for attorney's fees of not less than 25% in the event of default. Defendants conceded the making, signing and default of the note. Consequently, the sole issue before the trial judge at the hearing upon the motion, was the ascertainment of the legal fee.

Mass. District/Municipal Courts Rule of Civil Procedure 56, the summary judgment rule, allows a party seeking to recover upon a claim, to move with or without supporting affidavits, for summary judgment in his favor upon all or any part of his claim. Plaintiff's summary judgment motion was filed with an affidavit of a corporate officer, who asserted that there was no genuine issue of fact as to anything material in the action on the note, and a copy of the note with the attorney's fee provision was part of the pleadings considered at the motion hearing. It was upon this concise record that the judgment was made. Defendants did not file any opposing affidavits.

This procedure responded to the need which arises frequently in civil litigation and proceeds on the principle that trials are unnecessary if there are no genuine issues of material fact. It is aimed at avoiding expense and delay caused by trials in cases which are not overly complicated by factual disputes. **Albre Marble & Tile Co., Inc. v. John Bowen Co., Inc.,** 338 Mass. 394 (1959). Faced with a summary judgment motion supported by affidavits or the like, an opponent may not rely solely upon the allegations of his pleadings. He bears the burden of introducing enough countervailing data to demonstrate the existence of a **genuine** (emphasis added) material factual issue. Having admitted signature to plaintiff's allegation that they executed the note in question containing the attorney's fees provision, it was not

open to defendants to submit parol evidence on an issue which was contractually unambiguous. **Aerostatic Engineering Corp. v. Scczawinski** 1 Mass. App. 141 (1973) (oral agreement regarding payment provision inadmissible where payment provision of contract was not ambiguous.) The minimum attorney fee provision in this note between the parties was clearly free of ambiguity. The trial judge's finding on the amount was consistent with the contract between the parties and required only arithmetical calculation. Its reasonableness was not a genuine issue of fact, because the defendants had contractually accepted a minimum fee of "not less than twenty-five (25%) percent of any principal and interest then due."

The defendants' attempt to raise on appeal the action of the trial judge after he dismissed their report, is likewise doomed to failure. Under Rule 64, District/Municipal Rules of Civil Procedure, the remedy where the trial judge dismisses the report because the party has made no requests for rulings of law, is by claim of report testing the correctness of the dismissal and **not a petition to establish a report.** (See **Lane vs. Smith,** 57 Mass. App. Dec. 27, 28, (1975); **Gallagher vs. Atkins,** 305 Mass. 261, 264 (1940); **Kalkanis v. Holden,** et al, 1982 Mass. App. Dec. 130). A petition to establish a report can only be prosecuted when a report is disallowed by the trial justice. **Howard vs. Commonwealth,** 49 Mass. App. Dec. 25 (1972).

Therefore, it follows in this case that there were no factual issues requiring a hearing and that the petition to establish a report cannot test the trial judge's action, which properly dismissed the matter.

The petition is denied.

**Mel L. Greenberg, Justice**
**Francis J. Larkin, Justice**
This certifies that this is the OPINION of the Appellate Division in this cause.
**Robert E. Fein, Clerk**