*Municipal Court of the City of Boston*

## DECOURSEY FALES, JR., ET AL

### v.

### IRVING ZUSSMAN

Argued: Feb. 16, 1968   Decided: Mar. 29, 1968

*Present:* Gillen, J. (presiding); Shamon, J.; Gorrasi, Sp. J.

Case tried to Glynn, J.

*Shamon, J.* In this action of contract, the plaintiff seeks to recover the sum of $2,000, being the amount deposited by him upon the purchase of certain real estate in Boston under a written agreement signed by both the plaintiff and the defendant.

The sale was not consummated due to the inability of the plaintiff (buyer) to secure an acceptable first mortgage. The agreement provided that:

> "This purchase and sale agreement is
> contingent upon the buyer obtaining
> an acceptable first Mortgage."

The simple issue to be resolved is whether this provision is such a condition, that if unfulfilled, permits the plaintiff buyer to recover his $2,000 deposit.

The condition was inserted for the benefit and protection of the buyer and was accepted by the seller as a qualification upon his right to sell the property. It is therefore clearly a condition precedent which, if unfulfilled, will entitle the buyer to the return of his deposit.

A reasonable construction of the provision is to hold that the buyer is bound to accept "a reasonably acceptable first mortgage". The

plaintiff would not be warranted in refusing to accept such a mortgage. He cannot take advantage of the condition by doing nothing. There is a requirement upon him to seek to secure "a reasonably acceptable first mortgage" to complete the purchase as called for by the agreement. The provision differs from what is known in the law as an "illusory contract" which puts it in the power of one of the parties to a contract to be bound or not as he sees fit. This provision requires action by the buyer in order to benefit under its terms.

The finding of the trial judge that the plaintiff, "through his agent made a sincere effort to place the first mortgage and was unable to obtain a suitable first mortgage" is conclusive upon the issue of the plaintiff's good faith in his attempt to comply with the agreement. This finding is buttressed by evidence at the trial that the plaintiff's agent contracted three leading Boston savings banks to secure a mortgage but was unsuccessful in placing any mortgage whatsoever.

There was no evidence by the defendant to rebut the good faith of the plaintiff in his attempt to secure an acceptable first mortgage.

The findings of the trial judge dispose of the defendant's Requests Nos. 1, 2, 3, 6, 8 and 10.

There was no error. **Report dismissed.**

ALAN L. LEWIS

of Boston for the plaintiff

JACOB BLOCH

of Boston for the defendant