*Southern District*

## No. 105

## LOUIS J. ARMATA

### v.

## ROBERT J. McDONALD, ET AL

Argued: April 17, 1975. Decided: July 16, 1975.

Case tried to *Tracy, J.* In the Municipal Court of West Roxbury District. Number: 34155.

Present: Murphy, P.J., Rider, Hurd, J.J.

**Murphy, P.J.** This case is an action by Armata, the broker, against McDonald, the seller. On Count 1 Armata seeks the payment of $1,000, the agreed commission for procuring Adkins, as a buyer, in accordance with a purchase and sales agreement. Count 2 is based on *quantum meruit* for $1,000. The defendant's answer is a general denial that no privity of contract existed between defendants and the plaintiff, and that the plaintiff in no way sold or aided in selling the premises owned by them.

This case was consolidated for purposes of trial with the case of *Cecil Adkins v. Louis J. Armata* in which

the buyer, Adkins, initiated action against Armata, the broker, for refund of his deposit. An opinion in that case has been filed this date.

Here, the court found for the defendants.

At the trial it was stipulated that the purchase and sales agreement with extension thereon was signed by all parties.

Robert Anderson, attorney for Provident Institution for Savings, testified that he had experience as a conveyancer including experience with the Federal Housing Administrations Applications and that title to the subject real estate was defective in that a portion of same was tax title property and Federal Housing Administration would not finance same. He further testified that at no time did he contact the Federal Housing Administration regarding approval or disapproval of this loan.

Mr. Pierce, an official of the Provident Institution for Savings, testified that a mortgage application was received from Cecil Adkins, the buyer, and that a Federal Housing Administration commitment conditioned upon the bank attorney's approval of title was issued on February 24, 1972. That subsequently, this commitment was withdrawn because of the defective tax title on the recommendation of its attorney. There was some evidence that the Federal Housing Administration might be willing to change its commitment for insurance if a plot plan was obtained showing that the house was not on the tax title property. Also the sellers could leave money in escrow pending registering the title.

There was testimony by Mrs. Adkins that they were ready, willing and able to purchase the property but when the bank withdrew its Federal Housing Administration commitment because of defective title in the opinion of Robert Anderson, attorney for the bank, they did not go through with the transaction. On cross-examination, Mrs. Adkins testified that she and

her husband contacted the plaintiff and that the plaintiff showed them the defendants' house. There was testimony that she and her husband, as the buyers, did not go through with the transaction because there had been a change in her parents' circumstances and that she and her husband were moving in with a parent.

The plaintiff's testimony was uncontradicted; that he was a duly licensed real estate broker who listed the property owned by the defendants; that he had advertised and shown the house for a period of at least seven months prior to procuring the buyer Adkins. He further testified that he was entitled to a commission of $1,000, in accordance with paragraph 19 of the purchase and sales agreement.

The defendant, Robert J. McDonald, testified that the plaintiff had advertised and had shown the property for a period of seven months prior to procuring the Adkins as a buyer. He further testified that the commission of $1,000 *"as agreed"* *meant when title passed.*

At the close of the evidence, the plaintiff filed six requests for rulings. We are only concerned with requests 1, 4, 5 and 6 which read as follows:

No. 1. "Upon the evidence a finding should be made in favor of the plaintiff."

No. 4. "Upon all the evidence admitted and as a matter of law the plaintiff did produce a buyer ready, willing and able to purchase the defendants' property."

No. 5. "That upon all the evidence admitted and as a matter of law the defendants' title was defective excusing performance by the buyer and entitled the buyer to the return of the deposit."

No. 6. "That upon all the evidence admitted and as a matter of law the plaintiff was entitled to commission, despite contingency clause providing that when defendant seller could not deliver good title

any payments would be refunded, as the obligation to give title was in the defendants."

The defendant filed seven requests for rulings. We only concern ourself with requests 1 and 2 which read as follows:

No. 1. "On all the evidence a finding for the defendants is warranted."

No. 2. "On the credible evidence the Court is warranted in finding the plaintiff did not produce a buyer who was ready, willing and able."

The court made the following findings of fact.

> "I find as a fact that the buyer was not able to obtain a firm commitment for a F.H.A. loan in accordance with the terms of Clause 24 of the Purchase and Sale Agreement Exhibit A and, therefore, all obligations of all parties ceased and the agreement was rendered void."

The plaintiff claiming to be aggrieved, among other things, that because of the finding of fact, he was aggrieved by the denial of his requests for rulings numbered 1, 4 and 5, by the ruling on request numbered 6 and also by the ruling on the defendant's requests for rulings numbered 1 and 2.

▬▬ On plaintiff's requests numbered 1 and 4, the denial of these requests would appear to be proper as they all call for findings of fact which the justice was not required to make. *Davis v. Boston Elevated Railway*, 235 Mass. 482.

▬▬ With respect to request numbered 5, the denial of it by the justice was error and is obviously inconsistent with his findings of fact; however, we perceive no prejudicial error in the denial of this request.

▬▬ The justice's action in denying request numbered 6 appears to be proper in view of the specific finding of fact made by him.

██▄ The court allowed requests numbered 1 and 2 of the defendant to which the plaintiff objects and claims to be aggrieved.

We perceive no prejudicial error to the justice's allowance of request numbered 1 and 2.

██▄ In the agreement, [of sale] the words "as agreed" were inserted. "A broker's fee for professional services of one thousand dollars is due from the SELLER to L. J. Armata Real Estate *as agreed.*"

The defendant testified that "as agreed" meant the broker earned his commission when title passed. The reported evidence does not disclose any denial of this by the plaintiff.

The agreement itself, paragraph 28, reads as follows:

"The broker (s) named herein, join (s) in this agreement and become (s) a party hereto, in so far as any provisions of this agreement expressly apply to him, and to any amendments or modifications of such provisions to which he agree (s) in writing."

The broker did sign the agreement and thereby became a party to it and all of its provisions, and since the justice found as a fact "all obligations of all parties ceased and the agreement was rendered void," the broker must fail in this action.

██▄ The justice's findings of fact are to stand unless plainly wrong, and a general finding imports a finding of all the subsidiary facts necessary to support it. *Moss v. Old Colony Trust Co.,* 246 Mass. 149. *Kennedy Bros., Inc. v. Bird,* 287 Mass. 477.

Since we perceive no prejudicial error, an order should be entered dismissing the report. **So ordered.**