This certifies that this is the OPINION of the Appellate Division in this case.

James J. Harrington
Assist. Clerk-Magistrate

**Leon R. LOCKE, et al, Plaintiff[1]**
**vs.**
**Joseph F. SLATER, Defendant**

### No. 309

District Court Department
Appellate Division, Western District
Trial Court of the
Commonwealth of Massachusetts

**September 21, 1981**

---

[1] Valida A. Locke

**Cynthia Spinola,** counsel for plaintiff
**Michael J. Shepard,** counsel for defendant

## DECISION AND ORDER

This case was heard in the Appellate Division for the Western District sitting at Springfield upon a Petition to Establish a Report from the Pittsfield Division.

Ordered: That the Clerk of the Pittsfield Division make the following entry in said case, namely: 'Petition Denied.

Date: September 21, 1981
**William T. Walsh, Justice**
**Frances J. Larkin, Justice**
**Allan McGuane, Justice**
Opinion filed herewith
**Robert E. Fein, Clerk**

## OPINION

**McGUANE, J.** The appellant has raised only one issue on this appeal.

After the defendant's motion to dismiss was allowed by the trial court, the plaintiff filed a motion to reconsider within the ten-day period. The plaintiff now argues that this motion is a motion under Dist./Mun. Cts. R. Civ. P. 59(a), which in effect tolls the running of time under Dist./Mun. Cts. R. Civ. P. 64(c)(1)(iii). This rule provides that a timely motion filed with the clerk shall terminate the running of time for filing request for report or draft report. This rule further identifies and limits the motions that can be filed and acted upon to the following:

1. Granting or denying a motion under Rule 52(b) to amend or make additional findings of fact. A motion to reconsider is clearly not the same under this provision.

2. Granting or denying a motion under Rule 59 to alter or amend judgment.

Rule 59 contemplates newly discovered evidence, mistake of law or any reason that would prevent a failure of justice; or

3. Denying a motion for a new trial under Rule 59. Under this Rule is contemplated granting a new trial to take additional testimony, amend any findings of fact or conclusions of law or make new findings of fact or conclusions of law and direct entry of new judgment.

Under any and all of these conditions surely a motion to reconsider will not fit, nor should it be used as a device to enlarge the time for filing a report or draft report. The rules are straightforward and clear. Judgment in this case was entered on July 28, 1980. A motion to reconsider was filed on August 5, 1980, within the ten days for filing request for report or draft report. The motion was denied by the court on August 6, 1980, and the plaintiff then filed within 10 days, on August 15, 1980, a motion to extend time for filing request for report, a request for report and draft report to Appellate Division.

We find that a motion to reconsider is not one of the actions under Rule 64(c)(1)(iii) that will toll the running of the time limit in which to file a draft report or request for draft report. In this case, the trial judge denied the request for report.

It should be noted further that the denial of a request for report is tantamount to a dismissal of a draft report and should be treated accordingly. It has been stated many times that the proper and exclusive remedy for the dismissal of a draft report is a request for a report and a draft report challenging said order of dismissal. Dist./Mun. Cts. R. Civ. P. 64(c)(6); **Gallagher vs. Atkins,** 305 Mass. 261, at 264-265 (1940); **Meola Construction Co. v. Ace Building Supply Co.,** 1978 Mass. App. Div. Adv. Sh. 466-467, and **Nonantum Lumber Company vs. Albert R. Depamphilis,** 1981 Mass. Appellate Division.

If the report is disallowed, then the correct procedure is a petition to establish a report with the Appellate Division. In this instance the procedure should have been a request for a report and a draft report challenging said Order of Dismissal.

Since there is no report on file in the trial court which could be established by this decision, the parties' petition to establish must be denied.

**William T. Walsh, Justice**

**Frank Larkin, Justice**
**Allan McGuane, Justice**
This certifies that this is the OPINION of the Appellate Division in this cause.
**Robert E. Fein, Clerk**