Tiffany, J.
This is an action in contract in which the plaintiff buyers seek to recover a $5,000.00 real estate deposit pursuant to a financing contingency clause in the parties’ purchase and sales agreement.
Two reports have been signed by the trial justice and forwarded to this Division. The first has been presented by the plaintiff, the prevailing party in the trial court, on the grounds of a procedural challenge to the timeliness of the defendant’s draft report under Dist./Mun. Cts. R. Civ. P. Rule 64. The second report was presented by the defendant and relates to substantive questions of law wherein defendant claims to be aggrieved by the denial of its requests for rulings of law number two and three.
Since the procedural question takes precedence and an adverse ruling on plaintiffs’ motion to dismiss defendant’s request for draft report would render defendant’s report moot, plaintiffs’ motion to dismiss and the court’s denial of same will be considered first.
The post-judgment docket entries and progression of appeal reveal the following:
1. Judgment for plaintiff, December 19, 1980.
2. December 29, 1980, defendant, Dalpe, mailed a motion of “Additional Findings, Amendment of Findings & for Amendment of Judgment” to the trial court and to counsel for opposing party. This motion was received and docketed by the trial court clerk on the next day, December 30, 1980.
3. Defendant’s motion was denied on January 21, 1981.
4. Defendant then submitted a request for report and draft report on January 30, 1981.
5. February 6, 1981 - plaintiff’s motion to dismiss defendant’s draft report.
6. The plaintiffs’ motion to dismiss defendant’s draft report denied on May 22, 1981.
Rule 64(c)(l)(iij of the Dist./Mun. Cts. R. Civ. P. provides that a draft report shall be filed “within 10 days after entry of judgment.” The running of this 10 day filing period may be tolled under Rule 64(c)( 1 )(iii) by a “timely motion” filed with the clerk of the trial court pursuant to specifically enumerated rules for post-judgment relief including *44 Rule 52(b) and 59. The defendant’s motion to add to or amend the trial court’s findings and judgment clearly constituted a motion cognizable under Dist./Mun. Cts. R. Civ. P. Rule 52(b). To be timely, aRule 52(b) motion must be “made not later than 10 days after entry of judgment. ’ ’ Defendant’s motion was not received and docketed by the trial court clerk until December 30,1980, eleven days after judgment. It is true that the “filing” of a motion is not complete upon mailing, but only upon the actual placement of the document into the official custody of the filing officer or court clerk. Dist./Mun. Cts. R. Civ. P. Rule5(e); Hobart-Farrell Plumbing & Heating v. Klayman, 302 Mass. 508, 509 (1939). Fosberg v. Nickerson, Mass. App. Ct. (1978).a Rule 52(b), however, employs the term “made’ ’ rather than ‘ ‘filed. ’ ’ In view of the terminology, a Rule 52(b) motion is considered timely if it is served upon the opposing party within 10 days after judgment, and then actually filed within a reasonable time after service. Davenport v. Broadhurst, Mass. App. Ct. (1980).b A certificate of service incorporated into the defendant’s Rule 52(b) motion indicates that a copy of the motion was mailed, postage pre-paid, to counsel for the plaintiff on December 29, 1980. As service by mail is complete upon mailing, Dist./Mun. Cts. R. Civ. P., Rule 5(b), Davenport v. Broadhurst, supra at 1291, the motion must be held to have been served on December 29, 1980 and thus falling within the prescribed ten days after entry of judgment. The receipt by the trial court clerk of this motion constituted the actual filing and occurred one day later, thus within the “reasonable time” after service of the motion. The defendant’s Dist./Mun. Cts. R. Civ. P. Rule 52(b) motion was, therefore, seasonably filed and as a consequence, effective under Dist./Mun. Cts. R. Civ. P. Rule 64(c) (1) (iii), to toll the 10 day filing period for the draft report. The denial by the trial court of this motion on January 21, 1981 commenced the running of the time period and the subsequent submission of defendant’s draft report nine days later on January 20, 1981 constituted full compliance with the time strictures of Rule 64.
There was no error in the trial court’s denial of plaintiffs’ motion to dismiss the defendants’ draft report.
With the successful resolution of the procedural challenges to the draft report, the substantive questions of law raised in the controversy are properly before this Division and the report discloses the following material evidence:
On February 29, 1980, the plaintiffs-as buyers executed a written agreement for the purchase of real estate owned and offered for sale by the defendant, Dalpe. Defendant, Realty World-Liberty Real Estate Associates, Inc., served as broker for said transaction and it appears from the pleadings they are merely looking for direction from the court as to the disposition of the $5,000.00.deposit which they are holding as escrow agents.
The parties’ agreement expressly contained the clause:
Contingent upon the buyer obtaining conventional financing in the amount of One Hundred Eight Thousand Dollars ($108,000.00) at prevailing rates no later than fifteen (15) banking days from the date of this agreement. Buyer is to use all diligent efforts to obtain such financing. If unable to do so, buyer is to notify seller of such inability in writing no later than fifteen (15) days from the date of this agreement.
The fifteen day period in question expired on March 21, 1981.
There was evidence that between February 29,1980 and March 21,1980, the plaintiff had made calls to thirty-two banks or finance institutions in an attempt to obtain the necessary mortgage financing. The plaintiffs actually filed, however, only one written mortgage application. This application was submitted to Fidelity Guaranty Mortgage Corporation on March 18, 1980, three days before the expiration of the period of time allotted to the plaintiff to secure financing. However, as a prelude to filing this *45 application, plaintiffs had contacted Fidelity on three separate occasions. Fidelity was unwilling to approve the mortgage application within that three day period and plaintiffs were unable to secure a commitment either verbally or in writing for the necessary financing. The defendants were seasonably notified of the plaintiffs’'inability to secure the financing.
An expert witness testified for the defendants that mortgage funds were generally available in that real estate market area from at least six banking institutions. The plaintiff knew of the availability of funds at one of these banks but did not apply due to the plaintiffs perception that the mortgage rates at this bank were excessive.
The trial court entered judgment for the plaintiffs in the amount of $5,000.00 and made subsidiary findings of fact to the effect that the plaintiffs were unable to obtain conventional financing in the stated amount at prevailing rates, their efforts encompassed all diligent efforts as required by the agreement and timely notice given to the defendants.
The defendant charges error in the trial court’s denial of the following requested, what she deems, rulings:
2. The requirement that the buyers use all diligent efforts to secure financing was not satisfied by the buyers filing just one written mortgage application just three days before the expiration of the mortgage contingency period.
3. The buyers, by failing to file written mortgage applications other than that filed with Fidelity Guaranty Mortgage Corporation, breached the agreement between the parties.
There was no error in the trial court’s denial of requested ruling numbers 2 and 3. Simply stated, requests of this nature call for a finding of fact to which a party is not entitled as a matter of right in a district court proceeding unless such findings are required as amatter of law. Chelmsford Colonial Real Estate Co. v. Forrest, 58 Mass. App. Dec. 35 (1976); Armata v. McDonald, 56 Mass. App. Dec. 34 (1975).
A determination that the plaintiffs’ endeavors to obtain mortgage financing did not constitute all diligent efforts was not mandated as a matter of law by the evidence presented in this case. The term “diligent” may be properly deemed synonymous with “reasonable,” Sorata v. Baskin, 334 Mass. 112, 115 (1956); Bayley, Petitioner, 132 Mass. 457, 461 (1882). Whether a person or an action is “diligent” or “reasonable” necessarily must depend on the circumstances of each particular case. Hill v. Mayor of Boston, 193 Mass. 569, 574 (1907); and any issue as to the same ordinarily presents a question of fact for the trial court. Stabile v. McCarthy, 336 Mass. 399, 404 (1957).
Although a measurement of that quantum of effort which may be found reasonable or diligent must be left to a case by case basis, some standards have been devised to determine what and how much must be done by a purchaser under a financing contingency clause to fulfill his obligations. It is clear that a purchaser does not employ reasonable efforts if he does nothing in aid of his contractural obligations to obtain a mortgage. Lembo v. Waters, 1 Mass. App. Ct., 227, 234)1973); Fales v. Zussman, 40 Mass. App. Dec. 69, 71 (1968). Conversely, the purchaser is not required to obtain financing “at any cost.” Livoli v. Stoneman, 332 Mass., 473, 475, 476 (1955).
Evidence that the plaintiff contacted thirty-two (32) lending institutions and had three preliminary contacts with an institution with which they filed a mortgage financing application warranted the trial court’s finding that the plaintiffs used ‘ ‘ all diligent efforts to secure mortgage financing.”
The existence of mortgage money in the banking community was not the automatic equivalent of the actual availability of mortgage loans to these plaintiffs. There are many variables in the evaluation of a mortgage loan application including the amount of the down payment, financial solvency of the applicant, terms of the mortgage, the value of the property as established by the bank’s appraisal, and many others.
*46 As previously stated, the defendants’ requests numbers 2 and 3 were for findings of fact rather than rulings of law and were properly denied on that basis. These requests were inconsistent with the trial court’s subsidiary findings which can be sustained on any rational view of the reported evidence.
There was no error in the trial court’s denial of the requested rulings.
No error being indicated in either of the two reports before this Division, the reports are herewith dismissed.

So ordered

 Mass. App. Ct. Adv. Sh. (1978) 46, 50

 Mass. App. Ct. Adv. Sh. (1980) 1289, 1291-1292.