Kostas KALKANIS
vs.
William A. HOLDEN, ET AL.[1]

No. 285

District Court, Plymouth, ss.
Appellate Division, Southern District
Trial Court of the
Commonwealth of Massachusetts

May 24, 1982

---

1. Marjorie Holden and Cecelia N. Welsh

**Savas Hantzes, Esq.,** counsel for plaintiff.

**Louis H. Steinhart, Esq.,** counsel for defendant.

## DECISION AND ORDER

This cause came on to and was heard in the Appellate Division for the Southern District sitting at Brockton upon Petition from the District Court Department, Wareham Division and it is found and decided that since the plaintiff's draft report was dismissed, the plaintiff should have raised the question of the correctness of the said order of dismissal by a request for report and draft report on said dismissal, not by a petition to establish reports.

It is hereby

ORDERED: That the Clerk of the District Court Department, Wareham Division make the following entry in said case on the docket of said Court, namely: PETITION DENIED.

Opinion filed herewith.

Date: May 24, 1982

**Daniel H. Rider, Presiding Iutice**
**Richard O. Staff, Justice**
**Charles E. Black, Justice**

**Patricia D. Minotti, Clerk**

## OPINION

**Black, J.** This is a civil action for breach of an implied covenant of quiet enjoyment originally brought by the plaintiff, Kostas Kalkanis, against William A. Holden and Marjorie A. Holden on September 5, 1979. The complaint alleged that on or about August 29, 1978, the plaintiff and the defendants executed a lease with respect to the premises located at 122 Plymouth Avenue, Fall River, Massachusetts, for a period of one year with an option thereafter for an additional four years. It was further alleged that on or about June 5, 1979, the defendant breached the implied covenant of quiet enjoyment by locking the plaintiff out of said premises. The plaintiff asked for $7,400.00 in damages.

On October 10, 1979, the defendants, William A. Holden and Marjorie Holden, answered by admitting the existence of the lease for a period of one year with an option for an additional four years, but they denied locking the plaintiff out of the premises or depriving him of the possession and enjoyment thereof. The defendants also counterclaimed by contending that the lease provided for: (1) payment of a weekly rental of $150.00 in advance; (2) purchase by the plaintiff of liability insurance on the premises in the amount of $200,000.00/$300,000.00; (3) non-assignment or subletting of the whole or any part of the premises nor any alterations without the lessor's consent; (4) lease of the property for one year with an option for four more years; and (5) return of the premises in good, tenantable repair in all respects, reasonable wear and use expected. The defendants further contended that the plaintiff: (1) failed to pay the weekly rental; (2) failed to purchase liability insurance; (3) sublet the premises in February, 1979, and altered an oak counter; (4) moved out on or about June 5, 1979; and (5) damaged ceiling tile and insulation, as well as the oak counter. The defendants sought $10,000.00 in damages.

A motion to add a defendant and to amend the complaint was filed by the plaintiff on October 30, 1979, seeking to add Cecelia N. Welch as a party defendant. The motion sought to amend the complaint by alleging that Cecelia N. Welch had changed the locks on the leased premises for the purpose of locking the plaintiff out. The amount sought as damages was increased to $35,000.00. This motion was allowed on November 21, 1979. An amended complaint was filed and allowed on November 21, 1979,

incorporating the changes set forth in the motion to amend.

The defendant, Cecelia N. Welsh, filed an answer to amended complaint on December 4, 1979, admittng that the plaintiff had been entitled to the aforesaid premises for a term of one year with an option for four additional years, but denying all other allegations in the plaintiff's amended complaint.

There was a trial on the merits on November 5, 1980, and prior to closing arguments both parties submitted requests for rulings. The plaintiff filed forty-nine requests for rulings.

The case was taken under advisement, and on November 6, 1980, the court entered findings for the defendants and awarded the defendants, William A. Holden and Marjorie A. Holden, $550.00, with interest from October 1, 1979, and costs on their counterclaim. The defendants' requests were for findings of fact only and that no requests for rulings of law had been presented.

Thereafter, the plaintiff sought to extend the time for filing for a request for report and draft report, which was allowed. The plaintiff was given until November 26, 1980. The plaintiff filed a petition for request for a report and the establishment of a draft report together with a draft report on November 25, 1980. The defendant then filed a motion to set hearing date on plaintiff's filing of a draft report and to dismiss and/or disallow said report. On November 28, 1980, the court set the matter for hearing at 10 a.m. on December 17, 1980. Thereafter, the case was re-marked for hearing on December 10, 1980, at which time the defendants' motion to dismiss the report was allowed. The plaintiff thereafter petitioned this court to establish a report.

After a hearing on appeal from this decision, a review of the docket entries, and argument of counsel, it appeared that there had been confusion concerning the date assigned for hearing on the plaintiff's draft report. Accordingly, on October 6, 1981, the case was remanded to the trial court for a hearing on the plaintiff's draft report, a rehearing of the defendant's motion to dismiss or disallow the said report, and a report of the trial judge's rulings on both. The trial judge promptly set the matter for hearing on October 14, 1981. After a hearing, the trial judge again allowed the defendants' motion to dismiss the plaintiff's draft report on the basis that no questions of law had been presented and reported his rulings to this court. A further hearing was held before this court on the plaintiff's position to establish a report on December 3, 1981.

We find no error in the trial judge's allowance of the defendants' motion to dismiss the plaintiff's draft report. The plaintiff's requests for rulings appear to be nothing more than requests for findings of fact as the plaintiff perceived the evidence. A request for ruling must be determined by its substance (Castano v. Leone, 278 Mass 429 [1932]), and if the requests for rulings are, in effect, requests for findings of fact rather than requests for rulings of law, the trial judge is not required to pass upon them (Wrobel v. General Accident Fire and Life Assurance Corp., 288 Mass. 206, 209 [1934]; Armata v. McDonald, 56 Mass. App. Dec. 34, 38 [1975]). Of the forty-nine requests for rulings submitted by the plaintiff in this case, even those that might be construed in their most favorable light as requests for rulings of law could not be considered as any more than requests for general rulings of law, and none is dispositive of this case. Parenthetically, we would also note that in our opinion forty-nine requests for rulings are excessive in number, and the trial judge could have stricken the requests from the files and ordered the plaintiff to reduce them to a reasonable number (Goslow v. Pittsburgh Plate Glass Co., 39 Mass. App. Dec. 1 [1967]).

Perhaps even more importantly, under Rule 64, Dist./Mun. Cts. R. Civ. P., the remedy where the trial justice dismisses a report because the party has made no requests for rulings of law is by a claim of report testing the correctness of the dismissal, and not a petition to establish a

report (see, **Lane v. Smith**, 57 Mass. App. Dec. 27, 28 [1975]; **Gallagher v. Atkins**, 305 Mass. 261, 264 [1940]). A petition to establish a report can only be presecuted when a report is **disallowed** by the trial justice .(**Howard v. Commonwealth**, 49 Mass. App. Dec. 25, 27 [1972]). In the case presently before the court the report was not disallowed, but dismissed by allowance of the defendants' motion.

The petition is denied.

**Daniel H. Rider, Presiding Justice**
**Richard O. Staff, Justice**
**Charles E. Black, Justice**

This certifies that this is the opinion of the Appellate Division in this cause.
**Patricia D. Minotti, Clerk**