Doyle, P.J.
This is an action in contract in which a finding was entered for the plaintiffs. The sole issue for review is whether the trial court properly dismissed the defendants’ request for report as untimely pursuant to Dist./Mun. Cts. R. Civ. P., Rule 64(c)(l)(i).
Judgment was entered for the plaintiff herein on June 24,1983. Six weeks later, the defendants filed a Dist./Mun. Cts. R. Civ. P., Rule 60 motion for relief from judgment in which the defendants requested a new trial for the purpose of introducing additional testimony by an expert witness. On October 6,1983, the trial justice allowed the defendants’ Rule 60 motion upon the following, express order:
Upon a consideration of the defendant’s affidavit, I find and conclude that the defendants have demonstrated the requisite excusable neglect and, accordingly, that the ends of justice will be served by permitting the case to be reopened for the sole and delimited purpose of allowing the single expert witness who had been previously scheduled to be allowed to present his planned testimony.
The report states that the defendants’ expert witness offered testimony at the new hearing on issues relative to both damages and liability. The plaintiffs also introduced new evidence in the form of additional testimony by *110 plaintiffs’ employee. At the close of the hearing, the plaintiffs Hied a new request for ruling of law pertaining to the evidence submitted.
On November 10,1983, the trial justice entered a “Memorandum Opinion” in favor of the plaintiffs which stated, in relevant part:
Upon a close examination of the testimony of Mr. Paul [the defendants’ expert witness], when considered in the context of the totality of the other testimony presented in the case, I am satisfied that my original findings and judgment in the case should stand and ought not to be modified or set aside. Accordingly, the original judgment entered on June 22, 1983 against said defendants shall remain in full force and effect.
On Monday, November 21,1983 the defendants filed a request for a report and a motion to extend the time to file a draft report.[3] The plaintiffs thereafter filed a motion to deny the defendants’ request for a report on the grounds that said request was untimely. The plaintiffs specifically argued that the defendants’ Rule 60 motion did not toll the time for filing pursuant to Dist./Mun. Cts. R. Civ. P., Rule 64(c)(l)(i); that the effective date of judgment for appeal filing purposes was June 24, 1983; and that the time to file a request for a report and draft report thus expired in July, 1983.
The trial justice allowed the plaintiffs’ motion to deny the defendants’ request for a report on April 9, 1984. The defendants now claim to be aggrieved by that order.
1. The plaintiffs are correct in their initial contention that neither Dist./Mun. Cts. R. Civ. P., Rule 60(b) nor Dist./Mun. Cts. R. Civ. P., Rule 64 permits a motion for relief from judgment to toll the running of the Rule 64(c)(l)(i) time period for requesting a report to this Division. Rule 60(b) specifically states that “[a] motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation.” As a judgment remains operative despite the submission of a Rule 60(b) motion, the filing of such motion cannot logically “forestall the commencement” of, or toll, the time for taking an appeal. See M.R.C.P. 60, Reporter’s Notes; J. SMITH & H. ZOBEL, RULES PRACTICE, §60.1 [8 M.P.S. (1977)].
Similarly, Dist./Mun. Cts. R. Civ. P., Rule 64(c) (1) (iii)[4] specifically enumerates those post-judgment motions which toll the ten day period for filing a request for a report and draft report; namely, motions to amend or make findings pursuant to Dist./Mun. Cts. R. Civ. P., Rule 52(b) and motions for a new trial or to alter or amend judgment pursuant to Dist./Mun. Cts. R. Civ. P., Rule 59. See, e.g., Locke v. Slater, 387 Mass. 682, 685-686 (1982); Gordon v. Pantos Canvas Corp., 1983 Mass. App. Div. 26, 27. This list of motions which suspend the Rule 64 appeal period is exclusive and finite. See Cardiff v. Dalpe, 1982 Mass. App. Div. 43, 44; Locke v. Slater, 1981 Mass. App. Div. 218, aff'd on other grounds, 387 Mass. 682. As Rule 64(c)(1)(iii) omits any reference to motions for relief from judgment, the filing of, a Rule 60(b) *111 motion does not, per se, toll the time for requesting a report to this Division.[5]
2. The dispositive issue in this case is not, however, whether the simple filing of a Rule 60(b) motion alone suspends the running of the time for filing an appeal. The defendants’ motion in the instant case was not only filed, but allowed. The principal question posed by the report sub judice is, therefore, whether a grant of Rule 60(b) relief tolls the time otherwise prescribed for claiming an appeal. The resolution of this issue hinges on the status to be accorded the initial judgment.
Rule 60(b) “affords a party relief from the effect of an otherwise final judgment.” Walsh Sheet Metal Works, Inc. v. Naser, 1983 Mass. App. Div. 265, 266. The provisions of Dist./Mun. Cts. R. Civ. P., Rule 60(b) were promulgated to replace and improve former procedural methods of obtaining extraordinary) udgment relief, including petitions to vacate judgment. See Averbuck v. Stoller, 4 Mass. App. Ct. 791 (1976). The intended goal and ultimate effect of these different procedures remain, however, the same. A successful assertion of Rule 60(b) grounds for relief from judgment results in a vacating of that judgment and a return of the case to a pre-judgment, or even pre-trial, posture in the lower court. See Parrel v. Keenan, 389 Mass. 809, 817 (1983).
The practical necessity for vacating an initial judgment upon allowance of a Rule 60(b) motion is illustrated in the instant case. A “judgment” signifies a final adjudication of the rights of the parties at the trial level. Politano v. Board of Selectmen of Nahant, 12 Mass. App. Ct. 738, 739-740 (1971); J. SMITH & H. ZOBEL, RULES PRACTICE, § 54.2 (8 M.P.S. (1977)). Subsequent to granting Rule 60(b) relief from its initial, June 24, 1983 judgment, the trial justice herein held a new hearing and accepted new evidence from both parties. The court’s decision to receive and consider new evidence logically presupposed a determination that the court’s initial resolution of the parties’ controversy was no longer the “final adjudication” or judgment in this case. For all practical purposes, the trial court’s June 24, 1983 judgment was vacated upon the court’s allowance of the defendants’ Rule 60(b) motion for relief from that judgment.
3. On the basis of the foregoing, we hold that the court’s “Memorandum Opinion” of November 10,1983 constituted a new judgment from which the time for initiating an appeal to this Division must be calculated. See WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE, §2871, citing International Controls Corp. v. Vesco, 556 F. 2d 665, 670 (2 cir. 1977); and Hayward v. Britt, 572 F. 2d 1324, 1325 (9 cir. 1978). As the defendants submitted a request for a report within ten days of the court’s November 10, 1983 finding, the defendants’ request for a report was thus timely. The trial court’s denial of the defendants’ Rule 64(c)(l)(i) request for a report is hereby vacated.
4. In accordance with the trial court’s allowance of the defendant’s Rule (64)(c)(l)(ii) motion to extend the time to file a draft report, the defendants are hereby ordered to submit a draft report to the trial court within ten days of notice of this decision. The case is remanded to the trial court for report settlement proceedings pursuant to Dist./Mun. Cts. R. Civ. P., Rule 64(c)(4) and (c)(5). The trial court clerk is hereby ordered to correct the docket in *112 accordance with Dist./Mun. Cts. R. Civ. P., Rules 58(a) and 79(a) to reflect the entry of a new judgment on November 10, 1983. See Koonce v. Realty Trust, 8 Mass. App. Ct. 199 (1979); Levy v. Bendetson, 558, 560-562 (1978).
So ordered.

 The docket indicates that said motion to extend was allowed by the trial justice.

 “The running of the time for filing a request for report and for filing a draft report shall be terminated as to all parties by a timely motion filed with the clerk of the trial court by any party pursuant to the rules hereinafter enumerated in this sentence, and the full time for filing requests for reports and for filing draft reports as fixed by this rule shall commence to run and shall be computed from the entry of any of the following orders made upon a timely motion under such rules....”

 The defendant’s Rule 60 motion cannot be construed herein as a motion for a new trial for Rule 1 64(c)(1)(iii) purposes. The appeal filing time is tolled under Rule 64(c) (1)(iii) only by the submission of a “timely” motion under Rule 52 or 59. Cardiff v. Dalpe, at 44. Pursuant to Dist./Mun. Cts. R. Civ. P., Rule 59(b), a motion for a new trial must be served no later than ten days after judgment, and must be filed within a reasonable time t her after. Albano v. Bonanza Intern. Develop., 5 Mass. App. Ct. 692, 693-694 (1977). As the defendant’s Rule 60(b) motion was served and filed six weeks after judgment, it could not be deemed a “timely” new trial motion for Rule 64(c)(1)(iii) purposes.