Kane, J.
This case comes before this Court on petitions to establish reports. We do not reach the question of the draft reports’ conformance with Rule 64, as the Court documents clearly establish that the draft reports were not filed in a timely fashion. As the dispositive issue is the timeliness of the requests for reports, a review of the case’s histoiy is instructive.
On March 16,1990, judgment for libelant entered on forfeiture actions 19921 and 19924. libelee, on March26,1990, filed on forfeiture 1992la motion for new trial. This motion for new trial was heard and denied on May 10,1990. A motion for a rehearing of this denial was then filed onjune 1,1990, and this motion for rehearing was denied on June 20,1990. libelee, on July 2,1990, filed requests for reports and draft reports which he now seeks to establish.
Rule 64 of the District Court Rules of Civil Procedure requires that an appeal to the Appellate Division be initiated by a request for report According to Rule 64, this request for report must be filed within ten days of entry of judgment or, with Court approval, within twenty days of the entry of judgment These filing deadlines for the request for report can be nullified if a party files within the ten-day period a motion for new trial. By filing a new trial motion, the deadline’s starting point is switched from the date judgment entered to the date when the motion for new trial is denied.
We now consider if these requests for reports were filed in a timely fashion. As judgment on forfeiture 19924 entered on March 16,1990, and no motion for new trial was filed, there is no merit to any claim that the request for report on forfeiture 19924 was filed in a timely manner. On forfeiture 19921 a new trial motion was filed within the ten-day period, and this motion nullified the original deadline and established as a new deadline twenty days from the date of any denial of the new trial motion. As the motion for new trial was denied on May 10,1990, and the requests for reports were filed on July 2,1990, the twenty-day deadline was not satisfied. No new twenty-day deadline was created by the motion for rehearing of denial of the new trial motion as such an interpretation of Rule 64 would be contrary to the plain meaning and logic of Rule 64. Indeed, to allow such a construction would effectively eliminate any deadlines as a motion for rehearing, like a motion for reconsideration,[2] may be filed at any time. We, thus, interpret the carefully designed deadlines of Rule 64 to be unaffected by the motion for rehearing.
Accordingly, the appellant’s petitions to establish reports are denied.

 In Locke v. Slater, 1981 Mass. App. Div. 218, we found that a motion for reconsideration which can be likened to a motion for rehearing has no effect on Rule 64’s appellate deadlines.