Martin, J.
This is an action in tort by which the plaintiff seeks to recover damages for personal injuries sustained from a fall in a parking lot. The trial judge entered a finding for the plaintiff on September 24,1992. Defendant filed a motion for a new trial which was denied on November 20, 1992. On December 4, 1992 defendant filed a draft report which was dismissed by the trial judge on January 26, 1993. On January 28, 1993 defendant filed this petition to establish its draft report.[1]
The trial judge appears to have correctly dismissed defendant’s draft report because it was not timely filed. Dist./Mun. Cts. R. Civ. R, Rule 64(c)(1) (iii) *172 requires that such a report be filed within ten days from the entry of the order denying a motion for a new trial. Defendant’s draft report was filed fourteen days after such denial.
If defendant desired a review of the dismissal of the draft report, it chose the wrong remedy. In order to obtain a review by this division of the courf s dismissal of its draft report, Rule 64 (c) (6) requires that it file a request for report and draft report on said dismissal. This is the exclusive remedy. Locke v. Slater, 1981 Mass. App. Div. 218. Defendant did not file a request for a report and draft report. Instead, defendant filed a petition to establish its draft report under the provisions of Rule 64(e). Such a petition is appropriate only if a draft report had been disallowed, not dismissed. Comfort Air Systems, Inc. v. Cacopardo, 370 Mass. 255, 258 (1976).
Even if a petition to establish defendant’s report was appropriate, we would not establish the report because defendant’s draft report is defective. Rule 64(c) (2) requires that all facts essential to a full understanding of the questions presented be included in the report. Defendant’s draft report does not include certain facts.
The draft report alleges that the court was in error in finding for the plaintiff because there was no evidence that the defendant owned or controlled the parking lot where the defendant fell. However, included with the petition is a transcript of the evidence. From the transcript, we learn that the parking lot in question is across the street from the South Shore Hospital building. Defendant’s director of risk prevention and safety testified that she was familiar with the parking lot in question, had parked there, had investigated the area in question, would have repaved that area if she considered it a hazard, indicated that the hospital currently inspects the parking lot, and that the hospital’s safety officers patrol the parking lot on a periodic basis. The fact that there was such testimony is essential to the issue of defendant’s ownership or control of the parking lot and is not contained in the draft report.
If this evidence had been included in the draft report, it would be sufficient for a finding that defendant owned or controlled the parking lot. The condition of the pavement in the parking lot was the alleged defect in the premises. The testimony of defendant’s employee indicates that repaving of the area in question was in defendant’s control. Leonardo v. Great Atlantic & Pacific Tea Co., 340 Mass. 450, 454 (1960).
For these reasons, the petition is denied.

The petition was not timely forwarded to this division.