Merrick, P.J.
Plaintiff Lori J. Kirby (“the employee”) brought this action against her former employer pursuant to G.L.c. 149, §§148,150 to recover unpaid wages, benefits and commissions. The complaint also sought damages from the employer’s sales manager for his alleged tortious interference with the employee’s contractual relations.
Defendant Miami Systems Corp. (“the employer”) is an Ohio corporation with a principal place of business in that state. The employer operates forty-three regional sales offices, two of which are located in Massachusetts, and nine production plants, one of which is in Massachusetts. On April 10,1997, the employee and employer entered into a written “Employment Agreement” under which the employee was to act as the employer’s sales representative. The employee was to be paid a monthly salary of $2,916.66 plus commissions, and would be entitled to one week’s vacation after the first year of work. Except in the event of misconduct by the employee, the agreement was terminable at will by either party only upon fourteen days written notice. The contract was on a form agreement prepared by the employer, and included the following choice of law and forum selection clause in paragraph 15:
Governing Law and Forum. This agreement shall be governed by the laws of the State of Ohio. Company and Representative hereby consent that any action to enforce any provision of this Agreement shall be brought only in a state or federal court located in Hamilton County, Ohio.
The complaint alleges that on February 1, 1998, the employer unilaterally began paying the employee a reduced salary.[2] On April 9,1998, one day before her week’s vacation would have accrued, the employer terminated the employee without giving her fourteen days written notice.
Pursuant to G.L.c. 149, §§148, 150, Count I of the complaint seeks $865.44 in wages owed due to the unilateral reduction in pay; $538.44 in wages for the partial week ending April 9,1998, required by §148 to have been paid on the day of the *198 employee’s termination; $2,019.24 for the week’s vacation not obtained[3] and wages for the two weeks not worked because of the termination without fourteen days notice. Count II is a claim under the same statutes for a commission of $958.53, which was allegedly due on July 8,1998 and not paid until July 17,1998. Count III for breach of contract against the employer was voluntarily dismissed prior to the entry of judgment. Count IV seeks recovery against the employer’s sales manager, individually, for tortious interference with contractual relations.
The trial court allowed the defendants’ Mass. R. Civ. R, Rule 12 (b) (3), motion to dismiss for improper venue on the basis of the forum selection clause in the written employment contract. The employee has appealed the order of dismissal pursuant to Dist./Mun. Cts. R. A. D. A., Rule 8C.[4]
1. The employee does not dispute that contractual forum selection clauses are enforceable in Massachusetts. In announcing its acceptance of the “modern rule” in 1995, the Supreme Judicial Court clearly stated:
In The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, the Supreme Court announced the Federal common law rule that forum selection clauses are valid and enforceable, except when it is shown that enforcement would be unreasonable. We accept the modern view that forum selection clauses are to be enforced if it is fair and reasonable to do so.
Jacobson v. Mailboxes, Etc. U.S.A., Inc., 419 Mass. 572, 574-575 (1995).
The employee instead argues first that the enforceability of a forum selection clause is not a preliminary procedural issue of venue properly raised by the employer herein, but is an affirmative contractual defense relative to which the defendant-employer has the burdens of proof and persuasion on both the existence of the clause and the reasonableness of enforcing it. It is true that the Jacobson Court noted:
Although the words ‘venue’ and ‘jurisdiction’ appear in the forum selection clause, this issue involves neither venue nor jurisdiction in the traditional sense. The trial court had jurisdiction of this case. Parties cannot deny jurisdiction by such an agreement. The question under forum selection clauses is whether an agreement of the parties as to where certain actions must be brought will be enforced in the circumstances. If so, the court will decline to exercise its undoubted jurisdiction in response *199 to a voluntary choice of a different forum.
Id. at 576 n.6.
There is nothing in the Court’s statement, however, which prevents a party from properly raising a forum selection clause by an appropriate pretrial motion to dismiss. Thus a party may prove such a clause by affidavit in conjunction with a motion under Mass. R. Civ. R, Rule 12(b) (3), Simplex Time Recorder Co. v. Federal Ins. Co., 37 Mass. App. Ct. 947, 948 (1994), or, when the contract containing the clause is attached to the complaint, as it was in this case, under Rule 12(b)(6). Lambert v. Kysar, 983 F.2d 1110, 1112 n.1 (1st Cir. 1993). Moreover, once the existence of such a clause is established,
The Bremen rule, cited with approval by the Supreme Judicial Court, imposes ‘a heavy burden of proof’ ... upon the party resisting enforcement of a forum selection clause to establish that its enforcement under the circumstances of the case is clearly unreasonable....
Graphics Leasing Corp. v. The Y Weekly, 1991 Mass. App. Div. 110, 113, quoting from The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 17, 92 S. Ct. 1907, 1917 (1972).
2. The employee next argues that her G.L.c. 149, §§148-150 counts against the employer should be determined only by a Massachusetts court because of the strong Massachusetts public policy regarding payment of wages which underlies her statutory claims. Generally, “[a] contractual choice-of-forum clause should be held unenforceable if enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision.” The Bremen, supra, 407 U.S. at 15, 92 S. Ct. at 1916.
Counts I and II of the employee’s complaint are denominated ás claims for violations of G.L.c. 149, §148, which requires payment of wages, payment in full to a discharged employee on the date of discharge, and payment of commissions when due. Sections 149 and 150 of G.L.c. 149 provide criminal penalties for violations of §148 in proceedings which may be initiated by either the employee or the Commonwealth. Section 150 of G.L.c. 149 also provides a civil remedy for the employee, added by St. 1993, c. 110, §182, which permits recovery of “treble damages for any loss of wages and other benefits” and attorney’s fees and costs. The purpose of a prior version of this statutory scheme was stated, somewhat paternal-istically, by the 1959 Supreme Judicial Court.
Doubtless the legislation in its early form was enacted primarily to prevent unreasonable detention of wages.... Payment long in arrears could mean... dissipation on payday of a large part of the accumulated sums by irresponsible employees, with consequent adverse effect on family and community.
American Mut. Liability Ins. Co. v. Commissioner of Labor & Industries, 340 Mass. 144, 147 (1959).
The statutory scheme plainly embodies a Massachusetts public policy designed to promote the public welfare in this Commonwealth. Further, §148 specifically states: “No person shall by a special contract with an employee or by any other means exempt himself from this section or from section one hundred and fifty.” It is thus clear that the employer in this case cannot escape the requirements of G.L.c. 149, §148 or the sanctions of §150 by the Ohio choice of law provision in its contract.
Public policy considerations do not alone, however, render a forum selection clause unenforceable. The Supreme Judicial Court clarified in Jacobson that the presence of a claim involving statutory public policy (in that case, G.L.c. 93A) does *200 not necessarily vitiate a forum selection clause in the absence of evidence that the “greater focus” of the complaint is on the statutory policy and that the designated forum state will not enforce it. Id. at 579. There is nothing in the record to suggest that Ohio would not enforce the Massachusetts statute.[5]
3. We turn to the question of whether enforcement of the forum selection clause meets the Jacobson test of being “fair and reasonable.” Id. at 575. That standard derives from The Bremen wherein the Supreme Court held that a forum selection clause is “prima facie valid and should be enforced unless enforcement is shown by the resisting party to be ‘unreasonable’ under the circumstances.” Id., 407 U.S. at 10, 92 S. Ct. at 1913.
Although not dispositive, one circumstance or factor to be considered is whether the choice of forum clause is found in an adhesion contract, “of a type often resulting where the bargaining strength of the contracting parties is not equal,” Ernest & Norman Hart Bros., Inc. v. Town Contractors, Inc., 18 Mass. App. Ct. 60, 64 (1984), such as the employment contract in this case would appear to be.
A court will entertain an action brought in violation of a choice-of-forum provision if it finds that the provision was obtained by fraud, duress, the abuse of economic power or other unconscionable means. Relevant in this connection, but not of itself controlling, would be the fact that the provision was contained in an adhesion or take-it-or-leave-it contract whose provisions the party bringing the action was compelled to accept without argument or discussion.
Jacobson v. Mailboxes, Etc. U.S.A., Inc., supra at 575 n.5, quoting from RESTATEMENT (SECOND) OF CONFLICT OF LAWS, §80, comment c (1971 & rev. 1989).
The decisive consideration for enforcement has been stated by the Ohio Supreme Court as follows:
Based on the reasoning set forth in The Bremen, ... we believe it is clear that forum selection clauses in the commercial contract context should be upheld, so long as enforcement does not deprive litigants of their day in court.
Kennecorp Mortg. Brokers, Inc. v. Country Club Convalescent Hosp., Inc., 66 Ohio St.3d 173, 610 N.E.2d 987, 989 (1993). As stated in The Bremen, “it should be incumbent on the party seeking to escape his contract to show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court.” Id., 407 U.S. at 18, 92 S. Ct. at 1917. See Fireman’s Fund American Ins. Co. v. Puerto Rican Forwarding Co., 492 F.2d 1294, 1297 (1st Cir. 1974) (‘To establish that a particular choice-of-forum clause is unreasonable, a resisting party must present evidence of... such serious inconvenience in litigating in the selected forum that it is effectively deprived of its day in court.”).
*201 Enforcement of the forum selection clause in the circumstances of the present case will effectively deprive the plaintiff-employee of her day in court. We emphasize that economic hardship or geographical inconvenience will not ordinarily bar enforcement of a forum selection clause in a commercial contract,[6] Graphics Leasing Corp. v. The Y Weekly, supra at 113, and we do not minimize the “heavy burden of proof’ discussed above. As between sophisticated business people, even where one business is much smaller than the other or bordering on insolvency, these factors will not bar enforcement of the clause. New England Technical Sales Corp. v. SEEO Technology, Inc., 1996 Mass. App. Div. 191, 194.
We limit our decision to the facts in this case and rule only that where a solitary Massachusetts resident, employed in Massachusetts by a foreign corporation whose “national” activities include three places of business in Massachusetts, brings an action pursuant to G.L.c. 149, §§148,150 to recover a modest amount of wages and benefits under what is apparently an adhesion contract of employment, Massachusetts courts will not enforce a forum selection clause in that contract.
4. Finally, it should be noted that there is not, in any event, even an arguable basis for application of the forum selection clause to Count IV of the complaint which sets forth a claim for tortious interference with contractual relations against the employer’s sales manager in his individual capacity. He was not a party to the contract in any capacity. Compare Leasecomm Corp. v. Crockett, 1998 Mass. App. Div. 6. He is not being sued as a representative of the employer; a fundamental element of this tort is interference with the plaintiff’s contract with a third party. United Truck Leasing Corp. v. Geltman, 406 Mass. 811, 812 (1990).
The judgment of dismissal is vacated. The allowance of the defendant-employer’s Rule 12(b) (3) motion is reversed.
So ordered.

 The complaint speaks in terms of a reduced hourly rate, although no hours of work or hourly wages are mentioned in the contract. For purposes of this motion, of course, we accept the allegations as true. Ginther v. Commissioner, 427 Mass. 319, 322 (1998); Gallagher v. Roach, 1982 Mass. App. Div. 279, 280-281.

 The $2,019.24 item would appear to be a claim for breach of contract for sums that would have been earned, rather than a claim under the statute for sums that were earned.

 The docket indicates that the employee timely filed both a notice of appeal and Dist./Mun. Cts. R. A. D. A, Rule 8A expedited appeal. The employer filed written objections to the expedited appeal, and the employee then filed a timely notice of intent to appeal on tibe record of proceedings pursuant to Rule 8C. The employee has not filed a Rule 8A(b) motion seeking costs for a frivolous objection to an expedited appeal. We note also that six weeks after filing her Rule 8C notice, the employee filed a motion for reconsideration of the court’s Rule 12(b) (3) dismissal order and has appealed the denial of that motion. A motion to reconsider, filed more than ten days after the judgment in question, does not toll the time period for taking any steps in the appeal process. See Selby Assoc. v. Boston Redevelop. Auth., 27 Mass. App. Ct. 1188, 1189 (1989); Barrett v. Pereira, 1997 Mass. App. Div. 45, 46. See genes ally Cutler Construc., Inc. v. Omni Builders, Inc., 1985 Mass. App. Div. 109, 111 n.5. Nor would such a motion operate to preserve any issues lost by the failure to process an appeal in a timely fashion. In any event, neither party has raised any issues arising out of these facts, and we decline to do so sua sponte.

 Ohio law requires payment of wages for each half month to be paid no later than a half month later, unless a different time interval is agreed upon by contract. Attorney’s fees are not recoverable, and the only sanction is the greater of six (6%) percent or $200.00. R.C. §4113.15. The Ohio Supreme Court has held, however, that “ [t] he law of the state chosen by the parties to govern their contractual rights and duties will be applied unless... application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue....” Schulke Radio Productions, Ltd. v. Midwestern Broadcasting Co., 6 Ohio St.3d 436, 453 N.E.2d 683, 686 (1983).

 We note that employment relationships are not regarded as commercial activities in Massachusetts, at least within the meaning of G.L.c. 93A, §11. Manning v. Zuckerman, 388 Mass. 8, 13 (1983).